Hillsborough, }
June 2, 1936. }

VALENTINE MCBRIDE

*v.*

AMOSKEAG MANUFACTURING COMPANY.

*Aloysius J. Connor* (by brief and orally), for the plaintiff.

*Wyman, Starr, Booth, Wadleigh & Langdell (Mr. Wadleigh orally),* for the defendant.

WOODBURY, J.   The case of *Gordon* v. *Company,* 83 N. H. 221 is directly in point.   In that case it was held that an action at common law brought after a valid election to accept compensation under P. L., *c.* 178, and dismissed upon that ground, does not necessarily preclude the workman from thereafter reasserting his rights under the compensation act.   Whether or not he is precluded thereby depends upon his honesty and good faith in bringing the action at common law.   In other words, sections 11 and 12 were not construed in such a way as "to deny the workman a reasonable opportunity to contest the disputed question of whether he has made an election."   But, on the other hand, neither were those sections given such a meaning as to permit a workman to fraudulently and dishonestly renounce in an action at law his prior acceptance of compensation, and then, after the loss of that action, attempt to return to his rights under the compensation act.

When an action at law is brought after an alleged acceptance of compensation the preliminary question presented is whether or not the workman, prior to bringing that action, has made a valid election to accept compensation.   As to what elements are necessary to constitute a valid election see *Churchill* v. *Company,* 86 N. H. 415, 416, and cases cited.   If this preliminary issue is decided adversely to the workman, and he later brings his petition for compensation, the preliminary issue presented by that petition is whether or not he acted honestly and in good faith in bringing his action at law.

In the case at bar both of these issues have been decided adversely to the plaintiff and the only question remaining is whether there is any evidence to support the finding that the plaintiff, when he brought his action at law, "could not have honestly believed that he had not previously availed himself of the Compensation Act."

The record indicates that the plaintiff was of mature age, of sound mind, and at least of average intelligence when he signed the agreement to accept compensation on July 20, 1931.   It also appears that this agreement and its effect as an election of remedies was then fully explained to him and that he said he understood it.

An employee of the defendant's insurance carrier, whose duty it was to hand the plaintiff his weekly compensation checks, gave further evidence as to his state of mind before he brought his action at common law.   She testified as follows concerning conversations

with the plaintiff: "The first part of the time he would be coming in the office everything was very pleasant, he would call for his checks and we would inquire how he was getting along, and so forth. Towards the end he began being dissatisfied, would say he was very sorry he had accepted compensation, he knew if he had not accepted compensation he had been told he could get five thousand dollars for the loss of his hand."

All of this testimony, taking into account the trial court's right and duty in accepting, or doubting and rejecting testimony, is enough, in our opinion, to warrant the finding that he acted dishonestly and in bad faith in bringing his action at law.

The plaintiff's further contention that the court misunderstood the issue before him in that he believed that the issue of the plaintiff's lack of good faith in bringing the action at law had been passed upon in that action, and that he was precluded thereby, is not supported by the record. The court's findings in the case before us do not indicate any such misunderstanding. Furthermore, there is reported in the record a certain colloquy which took place between the court and counsel before any evidence was introduced. From this it appears that the court very clearly understood the nature and scope, not only of the issue presented in the action at law, but also of the issue then before him in the present proceeding.

*Exceptions overruled.*

All concurred.