Cheshire, }
Jan. 5, 1926. }

### EDITH STRONG v. NEW HAMPSHIRE BOX COMPANY & a.

A petition to recover compensation under the employers' liability act is properly dismissed upon proof that the petitioner has previously brought an action at common law against the employer based upon the injury for which compensation is sought.

A suit having been brought in the name of a minor, an entry made upon the writ by the presiding justice to the effect that the plaintiff's father is to maintain the suit as next friend is equivalent to an order allowing the amendment of the writ by the substitution of a new party plaintiff.

The case having proceeded to trial after the question of the proper party plaintiff had been raised and the entry made on the writ, it will be presumed that a proper party plaintiff was substituted for the minor, and she is bound by the prior and subsequent proceedings.

It is immaterial that the formal record in a case does not show an amendment of the writ, if the minutes of the proceedings on the docket and the original papers on file furnish adequate data for the extension of the record.

PETITION, to recover compensation under the employers' liability act, Laws 1911, *c.* 163.  Transferred by *Branch*, C. J., upon the plaintiff's exception to the dismissal of her petition.

Upon the hearing of the defendant's motion to dismiss the plaintiff's petition the following facts were found.

The injury for which the plaintiff is seeking compensation was received on October 22, 1919.  She brought an action at law to recover therefor on February 2, 1923.  Trial of said action was had in April by jury.  The presiding justice entered upon the back of the writ an order, "the plaintiff's father to maintain suit as next friend."  At the close of the plaintiff's evidence a nonsuit was ordered subject to her exception.  No bill of exceptions having been filed within the time limited, the defendants on June 30 filed a motion, which was granted on July 6, to amend the writ by adding as party plaintiff "C. H. Strong, husband and next friend of the plaintiff." At the October term motions were entered by the plaintiff on

October 4 for a marking of voluntary nonsuit, and by the defendants on October 16 for judgment on the verdict. At that term judgment was entered for the defendants on the order of nonsuit. During the pendency of said action the plaintiff was a minor.

*William H. Watson* and *Barber & Barber* (of Vermont), for the plaintiffs.

*Orville E. Cain* and *Lucier & Lucier*, for the defendants.

SNOW, J. Laws 1911, c. 163, s. 4, provides that if the workman suffering an injury within the terms of the act "shall commence any action at common law . . . against the employer therefor, he shall be barred from all benefits of the act in regard thereto." The record discloses that such an action was commenced and prosecuted to judgment. As the court had jurisdiction of the subject matter it is a sufficient answer to the plaintiff's exception that this judgment is not open to collateral attack in these proceedings. *State* v. *Kennedy*, 65 N. H. 247; *McKeen* v. *Converse*, 68 N. H. 173, 176; *Bickford* v. *Bickford*, 74 N. H. 448, 451. Relief from a judgment erroneously rendered against an infant because unrepresented should be sought by direct proceedings to correct the error. *Beckley* v. *Newcomb*, 24 N. H. 359, 360; *Barber* v. *Graves*, 18 Vt. 290; *Johnson* v. *Waterhouse*, 152 Mass. 585; *Millard* v. *Marmon*, 116 Ill. 649. In this jurisdiction such correction may be conveniently and expeditiously accomplished upon a motion to bring the action forward upon the docket and to vacate or modify the judgment. *McIntire* v. *Carr*, 59 N. H. 207, 208; *Bickford* v. *Bickford*, *supra*.

If, however, the plaintiff's petition be treated as including such a motion, her right to relief is not conclusively established by the record here. On the contrary the judgment appears to be well founded. An infant, by reason of want of knowledge, judgment and discretion, being legally incapable by himself of enforcing his rights and remedies (*Moore* v. *Hoyt*, 80 N. H. 168, 169), the enforcement thereof must necessarily be had through the assistance of another. In this jurisdiction an action in behalf of an infant may be brought in his name by "his next friend." *Lang* v. *Whidden*, 2 N. H. 435, 436; *Clarke* v. *Gilmanton*, 12 N. H. 515, 517, 518. By whatever name he may be called, the representative, from the very nature of things, must have the power to bind the infant by his proper and lawful acts. Among such acts are the bringing and the maintaining of a suit for any cause of action which has accrued in the infant's favor;

and for this purpose the representative may in the exercise of an undoubted authority employ an attorney at law in the management and control of such suit. In such a case, the attorney becomes clothed with the ordinary powers of an attorney of record; and the infant is bound by all the acts of the attorney within the ordinary scope of his authority and is concluded by any judgment properly rendered against him. *Beliveau* v. *Company,* 68 N. H. 225, 227, 228.

The action at law was brought and entered in court by the counsel of the plaintiff without the advice and assistance of a next friend. At this stage of the case the objection to the incapacity of the plaintiff could have been taken by a plea in abatement (*Young* v. *Young,* 3 N. H. 345; *Lang* v. *Whidden,* 2 N. H. 435, 437) or the action would have been dismissed on motion made in behalf of the plaintiff. The election by the minor to pursue her remedy at common law was still subject to rescission. *Moore* v. *Hoyt,* 80 N. H. 168. ˙ Had the action proceeded to judgment in this form, such judgment would have been vacated on motion. At some stage of the trial, however, it appears that the situation came to the attention of the presiding justice, who made in his own handwriting an entry upon the back of the writ, "the plaintiff's father to maintain suit as next friend." This entry, although not noted upon the docket, was an order of court and became a part of the record of the trial and, therefore, material from which the final record of the case was to be made up. *Alton* v. *Gilmanton,* 2 N. H. 520, 522; *Brooks* v. *New Durham,* 55 N. H. 559, 561. Because our practice is simple, counsel sometimes overlook the need to make the record perfect, and both court and counsel fail in their duties to see that all matters essential to a perfect record are put in proper form. *Barber* v. *Company,* 80 N. H. 507, 513; *Willard* v. *Harvey,* 24 N. H. 344, 348. However, the judgment entered on the record is not now voidable by reason of the failure of the clerk to minute upon the docket the order on the writ, nor by reason of the failure of counsel at the moment to file a formal amendment of the writ in accordance with such order. It is sufficient that from the minutes of the proceedings as entered on the docket and the files of original papers used in the progress of the case there are adequate data for the extension of the records. *Willard* v. *Harvey, supra,* 348, 349; *State* v. *Cox,* 69 N. H. 246, 247; *Jaffrey* v. *Smith,* 76 N. H. 168, 171, 172. "Until the contrary is shown *omnia præsumuntur rite acta* must be the maxim as to the records of the court." *Peebles* v. *Rand,* 43 N. H. 337, 340.

From the fact that the trial proceeded to the completion of the plaintiff's evidence and to the entry of nonsuit and judgment, it must be assumed that the order of the court was complied with and that the person or persons intended by the court in fact appeared and authorized the continuance of the trial. On no other theory can the conduct of counsel in the continued prosecution of the plaintiff's action be explained, since the appearance of counsel is always presumed to have been with due authority until the contrary is shown. *Beckley* v. *Newcomb*, 24 N. H. 359, 360. Nor can we presume that the court permitted the trial to proceed without the compliance with an order so plainly essential to a valid verdict and judgment.

Whether the person designated by the court was in fact the husband, the word "father" being a mere error of description, or whether the father appeared and, without formal record of his withdrawal or removal, the husband was by the allowance of the formal amendment substituted for the father, is immaterial. With the court's approval the writ was amendable either by the insertion of the name of a next friend (*Young* v. *Young*, 3 N. H. 345, 346) or by striking out such name and the substituiton of that of another in its place (*Clarke* v. *Gilmanton, supra,* 517; *Leazer* v. *Cota,* 43 N. H. 81, 82). Such amendments when allowed relate back to the commencement of the suit. *Woodman* v. *Rowe,* 59 N. H. 453, 454. In any event it must be presumed, until the contrary is shown, that the minor plaintiff, from the time of the entry of the order upon the back of the writ, continued to be represented by a next friend. At whatever stage of the proceeding the appearance of the next friend occurred it must be assumed that he ratified the action already had and authorized that which followed.

As it thus appears from the record that prior to the filing of her petition the plaintiff by her next friend had prosecuted her action at law for the recovery of damages sustained by the injury for which she is now seeking compensation, it follows that by the terms of the act, Laws 1911, *c.* 163, *s.* 4, she is now "barred from all benefit" thereunder.

*Exceptions overruled.*

ALLEN, J., did not sit: the others concurred.