Hillsborough, }
Feb. 7, 1928. }

JAMES SCOTT GORDON *v.* AMOSKEAG MANUFACTURING COMPANY.

*John J. Sheehan* and *Doyle & Doyle* (*Mr. Paul J. Doyle* orally), for the plaintiff.

*Warren, Howe & Wilson* (*Mr. Howe* orally), for the defendant.

MARBLE, J.   Neither employer nor employee is required to accept the provisions of the workmen's compensation act.   But employers who fail to file their acceptance with the commissioner of labor are denied certain common-law defences. *Boody* v. *Company,* 77 N. H. 208.   And an injured workman who has elected to receive compensation under the act is compelled to abide by such election. *Sullivan &c.*

*Co.* v. *Stowell*, 80 N. H. 158. If he seeks to recover for his injury at common law, he is barred from the benefits of the statute (*Strong* v. *Company*, 82 N. H. 221); and if he has availed himself of the statute by accepting compensation thereunder, he is barred from recovery at common law (*Davis* v. *Company*, 82 N. H. 87). "After election of either remedy the alternative remedy is not open to him." *Watts* v. *Company*, 79 N. H. 299.

That part of the statute material to the present controversy is as follows: "The right of action for damages caused by any such injury, at common law, . . . shall not be affected by this act, but in case the injured workman . . . shall avail himself of this act . . . by accepting any compensation hereunder . . . he shall be barred from recovery in every action at common law . . . on account of the same injury. In case after such injury the workman . . . shall commence any action at common law . . . against the employer therefor, he shall be barred from all benefit of this act in regard thereto." Laws 1911, c. 163, s. 4.

Assuming, as the defendant contends, that these provisions were designed primarily to induce employers to accept the act, the statute is nevertheless a remedial one, "enacted for the benefit and protection of the mill and factory operatives of the state," and should, so far as possible, be liberally construed to accomplish that purpose. *Barber* v. *Company*, 79 N. H. 311, 313; *Martel* v. *White Mills*, 79 N. H. 439, 441; *Mulhall* v. *Company*, 80 N. H. 194, 199. On the other hand, the benefits of the statute are not extended to workmen whose injuries have been caused by their own serious or wilful misconduct (Laws 1911, c. 163, s. 3; P. L., c. 178, s. 9), nor does a liberal construction of section 4 necessarily demand that a dishonest plaintiff be accorded all the rights of an honest one. In short, neither of the extreme views advanced by counsel appears to us to be tenable.

To adopt the construction urged by the defendant would be to deny the workman a reasonable opportunity to contest the disputed question of whether he has made an election. That question does not arise under the compensation features of the act (*Sullivan &c. Co.* v. *Stowell, supra*), and however honest a workman might be in the belief that his conduct had not indicated an election, he could not litigate his rights in an action at law without assuming the double risk of having his suit peremptorily dismissed because he had availed himself of the provisions of the statute and of forfeiting all rights under the statute because he had brought that particular action at law. The imposition of so drastic a penalty will not be inferred except from

clear and unequivocal language. *Blake* v. *Orford*, 64 N. H. 299, 302; *Holbrook* v. *Faulkner*, 55 N. H. 311, 316.

Surely the legislature could not have intended that a right made exclusive through election should, in all cases and under all circumstances, be irretrievably lost by a subsequent endeavor to assert a non-existent right. The marginal title of section 4 is, "Employee given choice of remedies." Obviously the scope of the section is limited to an enumeration of those acts which constitute a legal choice, and the common-law action therein referred to would appear to be an action brought in furtherance of that choice. The statute contemplates a situation where the selection of remedies is still open. When once a valid election has been made, there is no further right of election. "The assertion of one remedy involves a negation of the other." *Behr* v. *Soth*, 170 Minn. 278, 286. Consequently a judicial determination that the plaintiff has elected to accept compensation under the act is at the same time a determination that he has not elected to retain his common-law rights. His attempt to exercise those rights is therefore nugatory; the abortive action is dismissed, and he is left to his original choice. The fact that he is entitled to have a jury decide whether he has or has not made that choice (*Sullivan &c. Co.* v. *Stowell, supra*) does not alter the essential nature of the defence, and an affirmative finding operates as an absolute bar to the action. *Davis* v. *Company*, 82 N. H. 87, 91.

This conclusion is in harmony with the general doctrine of election of remedies. For the rule that the adoption of one of two inconsistent remedies precludes pursuit of the other necessarily assumes the existence of a legal right to proceed in either way. Where the plaintiff has mistaken his remedy no estoppel arises. *Noyes* v. *Edgerly*, 71 N. H. 500, 504, and cases cited; *Sanborn* v. *Railroad*, 76 N. H. 65, 67; *Bolger* v. *Railroad*, 82 N. H. 372, 374.

If one of the purposes of the statute is to protect the employer from vexatious litigation, that purpose would seem to be sufficiently attained by compelling the plaintiff to abide by his election. Where, as here, the proceedings at law are dismissed because the plaintiff has already chosen his remedy, a trial on the merits is unnecessary.

It is of course true that the statute, though remedial, cannot be given a meaning repugnant to its terms. *Lizotte* v. *Company*, 78 N. H. 354, 357. But the act nowhere specifically provides for the total extinguishment of all the workman's rights. If such an inference is possible, it must be drawn from the literal phraseology of section 4, and the apparent injustice likely to result from such a construction

"is evidence in support of another construction, based upon broader views of public policy." *Opinion of the Justices*, 75 N. H. 613, 616.

While the situation here is not unlike that of an estoppel against an estoppel, which sets the matter at large (*Tibbetts* v. *Shapleigh*, 60 N. H. 487), the rule is perhaps inapplicable because of the narrow ground of statutory construction on which the defendant's contention is based. On general principles, however, the defendant having defeated the plaintiff's action by showing that he had already made his election, could not later be heard to say (at least in a case where the plaintiff had acted in good faith) that the election was inoperative.

A similar question arose in the case of *Chicago &c. R. R. Co.* v. *Olsen*, 70 Neb. 559, on the interpretation of a certificate of membership in a voluntary relief association maintained by the defendant for its employees. The plaintiff failed in his action for negligence because he had accepted benefits under his certificate, and his suit on the certificate was dismissed because he had brought the action for negligence. The certificate contained provisions similar to those of section 4. The case holds that these provisions must be construed in the light of the whole contract, and that such construction requires the application of the ordinary rule of law relating to the election of remedies.

It is said: "After he [the plaintiff] has elected to accept the relief benefits, in pursuance of his contract, he has thereby 'released and satisfied' all claims against the company for damages from or growing out of the injury. The rights of the parties are then absolutely fixed. He no longer has any claim against the company for damages, and the proposed penalty for attempting to assert one may well be thought too unconscionable to be enforced by a court of justice."

The case is cited with approval in *Chicago &c. R. R. Co.* v. *Healy*, 76 Neb. 783, and the same result is reached in the case of *Chicago &c. R. R. Co.* v. *Bigley*, 1 Neb. (Unof.) 225.

"As the rights and liabilities of a beneficiary of a deceased servant are absolutely fixed by his election to accept the benefits to which he is entitled, and the payment of a portion thereof by the employer, the beneficiary's claim upon the residue is not forfeited by the subsequent institution of a suit which is unsuccessful solely because of the payment made to him." 5 Labatt, M. & S. (2d ed.), s. 1929.

This reasoning has slight force, however, where the plaintiff in seeking to avoid the result of his election of remedies has acted fraudulently.

The legislative purpose to afford the employee a reasonable opportunity to litigate the disputed question of his acceptance of compensa-

tion can scarcely be said to extend to those cases in which he is not justly entitled to be heard at all. And while his rights are definitely established by his original election, his retention of those rights after he has fraudulently denied their existence and knowingly instigated a proceeding which would have cut them off if they had not already become fixed is clearly repugnant to the spirit of the statute, which could not have been designed either to penalize ignorance or to encourage deceit.

Nor is this result inconsistent with the general rule that where the plaintiff elects under a mistake as to the facts he is not bound. 20 C. J. 35; 9 R. C. L. 962. For although in certain situations the statute interposes a double bar, yet if the second election (to sue at law) be made in reliance upon a mistaken view as to acceptance of compensation, it does not bind the plaintiff, and he may still proceed under the act.

The question whether the present plaintiff, when he brought his action at law, honestly believed that he had not previously availed himself of the provisions of the statute is yet to be determined in the superior court.

*Exception sustained.*

All concurred.