Rockingham,
Jan. 2, 1934.

ARTHUR L. CHURCHILL, *Adm'r*
*v.*
EXETER MANUFACTURING COMPANY.

*Arthur L. Churchill,* administrator, *pro se* and *Cooper & Hall (Mr. Cooper* orally), for the plaintiff.

*Hughes & Burns (Mr. Burns* orally), for the defendant.

BRANCH, J. Any workman injured while in the employ of one who has accepted the provisions of the employers' liability and workmen's compensation act may elect to receive compensation thereunder or to bring an action at common law for negligence, but he cannot do both. P. L., *c.* 178, *ss.* 11, 12. The language of the statute is extremely clear and permits of only one conclusion. "The pursuit of either the statutory or common-law remedy releases the employer from liability under the other." *Roberts* v. *Hillsborough Mills,* 85 N. H. 517, 518. It was the design of the act "to compel him [a workman] having made his election, to abide thereby." *Sullivan &c. Co.* v. *Stowell,* 80 N. H. 158, 161. We have accordingly held without exception that "when once a valid election has been made" (*Gordon* v. *Company,* 83 N. H. 221, 223) by a workman between the two forms of remedy permitted by the statute, his right to pursue the other is completely barred. *Sullivan &c. Co.* v. *Stowell, supra; Davis* v. *Company,* 82 N. H. 87; *Strong* v. *Company,* 82 N. H. 221; *Gordon* v. *Company, supra.* A valid election, however, pre-supposes action understandingly taken without fraud (*Davis* v. *Company, supra; Eleftherion* v. *Company,* 84 N. H. 32) by one legally competent to act. *Moore* v. *Hoyt,* 80 N. H. 168; *Roberts* v. *Hillsborough Mills, supra.*

In order to determine what constitutes an election of remedy the legislature was not content to rely upon the rules of common law, but provided specifically that certain acts done by or on behalf of an injured workman indicating a purpose to avail himself of one remedy shall bar the use of the other. By the provisions of section 11, every action at common law is barred if the workman accepts compensation

under the act, or gives notice to the employer of a claim for compensation, or commences proceedings therefor "in any manner." The present case is governed by section 12, which reads as follows:

"12. Barring Statutory Remedy. If after such injury the workman, or in the event of his death his executor or administrator, shall commence any action at common law or under any statute other than this chapter against the employer therefor, he shall be barred from all benefit hereof in regard thereto."

Since the plaintiff, by commencing an action at common law, has admittedly done an act which the statute says shall have the effect of a binding election, it must be given that effect unless the plaintiff shows that he is entitled to relief from the consequences of his act upon some known principle of law or equity. In view of the peremptory language of the statute, the allegation in the motion that the requested amendment "will in no way be prejudicial to the defendant," must be regarded as wholly immaterial. Having elected to pursue his common-law action, the plaintiff's disability, if any, to maintain a petition for compensation under the statute rests not upon the ground of estoppel but upon the unqualified mandate of the statute. As a basis for relief he invokes the equitable doctrine of accident and mistake. The phrase "accident, mistake and misfortune" which appears in the petition was apparently taken from section 1 of chapter 342 of Public Laws dealing with new trials, and the word "misfortune" suggests no ground of relief not comprehended in the terms "accident" and "mistake."

This doctrine receives its most frequent application in cases of contracts and conveyances which by reason of some error do not embody the real agreement of the parties, but it is equally available to persons who seek relief from the legal consequences of their own acts mistakenly done, as for example, in the case of a mortgagee who, by mistake, has foreclosed his mortgage in a manner inimical to his own interests. *Peterson* v. *Bank,* 162 Minn. 369 and note to the same case as reported in 42 A. L. R. 1185, 1192-1194. In regard to contracts it is said that "mistake or ignorance of facts in parties is a proper subject of relief only when it constitutes a material ingredient in the contract of the parties and disappoints their intention by a mutual error." 1 Sto., Eq. Jur. s. 151; *McIsaac* v. *McMurray,* 77 N. H. 466, 473. It is believed that the foregoing quotation indicates the true ground upon which equitable relief against the consequences of mistake is given. By parity of reasoning it follows that mistake or ignorance of facts is a proper ground upon which to relieve a party from

the legal consequences of his own acts only when its effect is to disappoint the intention of the doer by bringing about an unintended result. The case of *Eleftherion* v. *Company, supra,* furnishes an example of the kind of mistake here described.

The allegations of the motion to amend do not state a case calling for the application of the doctrine of mistake as thus understood. The only statement which inferentially suggests any kind of a mistake is the assertion that "he was unable to learn the facts necessary to make an election until said suit was begun and depositions taken thereunder." We may conclude from this language that in the light of information obtained by taking depositions, the plaintiff now believes that his chances of getting judgment in the suit at law are poor and that he made a tactical mistake in bringing it. This, however, is not the kind of a mistake for which equity gives relief. No court has ever undertaken the task of relieving suitors from the consequences of their conduct merely because it later appears to have been unwise. Neither is the circumstance that the actor did not know all the facts which, if known, might have prevented the transaction, a ground for equitable relief. *Cogswell* v. *Railroad,* 78 N. H. 379, 384; *Dambmann* v. *Schulting,* 75 N. Y. 55, 64.

There is no allegation in the motion that the plaintiff, when he brought his suit at law, did not act understandingly with full knowledge of the legal character and consequences of his conduct. On the contrary, the record indicates that he acted with his eyes open to the situation as it existed at the time. The plaintiff is a member of the bar of this state and acted *pro se* in bringing the suit. It is not alleged that he was ignorant of the statutory provision that the bringing of such a suit constituted a binding election of remedy which would bar a later claim for compensation. If his information in regard to the facts of the accident from which the death of the decedent resulted was incomplete, he had knowledge of its incompleteness and chose to elect his form of action upon the basis of the information which he did have. No basis is suggested for the conclusion that any unintended result followed from the course of action which he pursued. Having acted understandingly, he cannot secure relief from the consequences of his action because he has concluded that his conduct was ill advised.

*Exception overruled.*

All concurred.