Hillsborough, {
Nov. 1, 1938. {

MAE E. DAVIS *v.* W. T. GRANT COMPANY.

*McLane, Davis & Carleton* and *Perkins Bass* (*Mr. Bass* orally), for the plaintiff.

*Wyman, Starr, Booth, Wadleigh & Langdell* (*Mr. Langdell* orally), for the defendant.

WOODBURY, J.  We have already considered a petition for compensation under P. L., *c.* 178, brought by this plaintiff against this defendant, for the same injury for which she now seeks to recover in this action at law.  *Davis* v. *Company*, 88 N. H. 204.  That petition was ordered dismissed by this court on the ground that the plaintiff's employment as a saleswoman in the defendant's retail department store was not an employment within the scope of the workmen's compensation act, and the plaintiff then brought this common-law action.  The defendant takes the position that the plaintiff's abortive attempt to recover under the statute operates as an election to accept its benefits, and so, under section eleven thereof, bars her from prosecuting this present action at law.

This contention cannot be sustained for the reason that none of the provisions of P. L., *c.* 178, are applicable to the situation presented.  By its terms the workmen's compensation act does not offer its alternative remedy to every workman, regardless of the nature of his work, who suffers injury arising out of and in the course of his employment.  It offers its remedy only to workmen engaged

in the employments enumerated in section one of the act, and, as appears above, we have already held that the plaintiff's employment was not one of those included therein. By force of this holding none of the provisions of P. L., c. 178 apply because the first words of the first section of that statute provide that "This chapter shall apply only to workmen engaged in manual or mechanical labor in the employments described in this section." To hold that section eleven of the act applies to the plaintiff in spite of the fact that section one does not, would be to fly in the face of the express wording of the statute.

Neither is there any general rule of law aside from the above act which bars the plaintiff from proceeding with her common-law action. Her previous unsuccessful attempt to recover under the statute does not prevent her from now pursuing the only remedy which she ever in fact possessed. The reason for this is that there can be no election between remedies unless alternative remedies are available, (*Gordon* v. *Company*, 83 N. H. 221, 223, and cases cited), and at the previous transfer of this case it was conclusively established that the workmen's compensation act did not apply. In attempting to recover under that statute she mistook her remedy, but this gives rise to no estoppel against her. *Gordon* v. *Company, supra.*

Neither does the acceptance of the act by the defendant affect the situation. The act not being applicable, he gained nothing by accepting its provisions. *Davis* v. *Company*, 88 N. H. 204, 210. The defendant's motion to dismiss must be denied.

Other questions transferred have been neither briefed nor argued and are consequently understood to have been waived.

*Case discharged.*

BRANCH, J., was absent: the others concurred.