Hillsborough,
No. 4431.

GEORGE N. PRASSAS *v.* J. F. McELWAIN COMPANY *& a.*

Argued May 1, 1956.

Decided May 31, 1956.

210

*Sheehan, Phinney & Bass* (*Mr. Phinney* orally), for the plaintiff.

*Wiggin, Nourie, Sundeen, Nassikas & Pingree* (*Mr. Nourie* orally), for the defendants.

KENISON, C. J. This case involves a difficult problem in the administration of the Workmen's Compensation Law, where a relatively trivial accident is claimed to result in a serious disabling injury after the one-year period for modification has expired. The agreement for compensation executed by the employee and the employer's insurance carrier was approved by the Labor Commissioner pursuant to RSA 281:36. The legal effect of this agreement was the same as an award made under RSA 281:37, both of which were subject to modification under RSA 281:40. *Diamond* v. *Employers &c. Company*, 97 N. H. 510, 513. The pertinent part of RSA 281:40 reads as follows: "Upon application of any party in interest upon the ground of change in the conditions, mistake as to nature or extent of injury or disability, fraud, undue influence or coercion, the commissioner of labor or the superior court, whichever made the original award, may, not later than one year after the date of the last payment fixed by the award, review said award, and upon such review, may make an order ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this chapter . . . . "

The right to reopen or review a compensation agreement or an

award is specifically limited to the period "not later than one year after the date of the last payment fixed by the award." This statute is not ambiguous and while it may constitute a severe time limitation (2 Larson, Workmen's Compensation Law, s. 81.10), there is no indication that the Legislature intended that either the Court or the Labor Commissioner should have authority to extend it. *Zeady* v. *Company*, 96 N. H. 328, 331. This court has not hesitated to construe RSA 281:40 as inapplicable where the agreement for compensation had not been approved by the Labor Commissioner. *Croteau* v. *Harvey & Landers*, 99 N. H. 264. However in the present case where the agreement was approved by the Labor Commissioner the one-year limitation period controlled. *Therrien* v. *Company*, 99 N. H. 137.

At least as early as 1921 this court has given a liberal interpretation to the provisions of the Workmen's Compensation Law whenever possible (*Mulhall* v. *Company*, 80 N. H. 194) and has stated that it would continue to do so. *Dustin* v. *Lewis*, 99 N. H. 404, 408. However the wording of RSA 281:40 "is unequivocal to the effect that no proceedings for modification shall be brought 'later than one year after the date of the last payment fixed by the award.'" *Therrien* v. *Company*, *supra*, 139, 140.

It is suggested that the general equity jurisdiction of the court (RSA 498:1) is broad enough to allow this agreement to be reopened on the grounds of mutual mistake. The difficulty with this argument is that the Workmen's Compensation Law and specifically RSA 281:40 allows modification for "mistake as to nature or extent of injury or disability" only during the one-year period from the last payment under the award. This quoted language covers mutual mistake as well as unilateral mistake and allows no modification after the one-year period. The plaintiff has submitted a strong argument which has considerable merit that an employee with a latent injury has no means of protecting himself. "Statutes of limitation generally proceed on the theory that a man forfeits his rights only when he inexcusably delays assertion of them, and any number of excuses will toll the running of the period. But here no amount of vigilance is of any help. The limitations period runs against a claim which has not yet matured; and when it matures it is already barred." 2 Larson, Workmen's Compensation Law, s. 78.42 (b). The force of this argument can be conceded but the stark fact remains that the remedy for this situation is legislative and not judicial. *Cf. Desrosiers* v. *Company*, 97 N. H.

212

525. The Legislature has spoken clearly and emphatically and there is no room for judicial construction under the existing statute.

Since the Trial Court's ruling in dismissing the petition was correct, it is unnecessary to consider the defendants' argument that there was insufficient evidence of mutual mistake at the time the parties executed the compensation agreement. See *Bee* v. *Chicopee Mfg. Co.,* 94 N. H. 478; *Robbins* v. *Nims,* 90 N. H. 555.

*Decree affirmed.*

All concurred.