56

Hillsborough,
No. 4854.

ELEANOR SNODGRASS

*v.*

CHERRY-BURRELL CORP.

Argued September 8, 1960.
Decided October 28, 1960.

*Broderick & Loughlin (Mr. Broderick* orally), for the plaintiff.

*Sulloway, Hollis, Godfrey & Soden* and *Arthur W. Mudge (Mr. Mudge* orally), for the defendant.

DUNCAN, J. Since the decision of *Hitaffer* v. *Argonne Co.,* 183 F. 2d 811 (D. C. Cir. 1950) much has been written by courts and commentators concerning the right of a wife to recover for loss of consortium due to injury negligently caused to her husband. Prosser, Torts (2d *ed.*) s. 103, *p.* 690; 1 Harper & James, Torts, s. 8.9; 17 Wash. & Lee L. Rev. 183. The holding of that case that a wife has such a right has been adopted by a few jurisdictions,

but in most where the question has arisen recovery by the wife has been denied. Thus the great weight of authority is opposed to the proposition advanced by the plaintiff in this case. Anno. 23 A. L. R. 2d 1378; *Neuberg* v. *Bobowicz*, (Pa.) 162 A. 2d 662, 663, 667. See also, Holbrook, The Change in the Meaning of Consortium, 22 Mich. L. Rev. 1; Lippman: The Breakdown of Consortium, 30 Colum. L. Rev. 651.

The plaintiff is doubtless correct in her statement that the "exact question has never been decided in this jurisdiction." *Wyatt* v. *Williams*, 43 N. H. 102, 103, held that a widow might not maintain an action to recover damages arising out of the fatal wounding of her husband, including damages for loss of "support, comfort, fellowship, and society . . . of . . . her husband." However the case was decided before enactment of the wrongful death statute, and before the married women's acts had taken their present form. *Cf.* RSA ch. 460. In *Bedore* v. *Newton*, 54 N. H. 117, under statutory provisions expressly authorizing actions by married women for damages arising out of unlawful sale of intoxicating liquor, a widow was permitted to maintain an action for the death of her husband, alleging loss of support and of his society and protection. Neither case affords a basis for decision of the case before us.

The right of a husband to recover for loss of consortium caused by injuries negligently inflicted upon his wife was firmly established by *Guevin* v. *Railway*, 78 N. H. 289, a decision which may properly be considered a leading case upon the subject. It was there considered that the damages recoverable by the husband in such a case include "three elements,— services, society, and sexual intercourse." *Id.*, 294. The court declined to overrule *Booth* v. *Railway*, 73 N. H. 529, in which it was held that the statutes relating to married women had not abolished a husband's rights to his wife's services voluntarily rendered in the home. The opinion considered in detail many of the arguments now advanced in opposition to the claim of this plaintiff and the disposition made of them need not be repeated here. Certain statements by the court however, are apposite. Speaking of the effect of the married women's acts, the court said: "The statute [P. S., *c.* 176, *s.* 2, now RSA 460:2] does not profess to create new rights, but to give to the wife the rights which her husband theretofore could claim through her or to give vitality to rights theretofore dormant because of her inability to sue. It does not undertake to transfer from husband to wife

rights which were theretofore his in the strict sense, that is, rights for the violation of which he must sue at common law without joining her as plaintiff." *Id.*, 297.

With respect to the argument that if the husband should recover in the suit before the court, it must follow that the wife "can in like manner recover for injuries to [her husband]," the court said: "But it may be remarked that notwithstanding the changes which have been made the husband is still the head of the family, and in many ways represents its interests. For example, it is not likely to be claimed that the wife now has the same right as the husband to sue for the seduction of their daughter. Again, the duty to support the wife rests upon him, and she has in this way a substantial, though indirect interest in what he recovers." *Id.*, 300.

In making these statements the court cannot be taken to have been unaware of the earlier holding of *Seaver* v. *Adams*, 66 N. H. 142. See 308 Briefs & Cases 651; and *Gilman* v. *Gilman*, 78 N. H. 4. In the *Seaver* case the married women's statute, in substantially its present form (RSA 460:2), was construed to permit a married woman to maintain an action for seduction and alienation of the affections of her husband. Yet we are not persuaded that the "entire equality" referred to in the *Seaver* case (*p.* 144) has been achieved. The reason is suggested by the quotations from *Guevin* v. *Railway* set out above. "The statute does not profess to create new rights . . . . " *Id.*, 297.

Although husband and wife have been placed in most regards in a position of equality in dealing with third persons, their respective rights and duties *inter se* are not precisely reciprocal, but retain distinguishing qualities of their own. Their respective rights against third persons because of conduct affecting the conjugal relation are necessarily influenced by their relative positions in that relation. The husband is under a duty to support the wife. She has a correlative duty to render him service in the home, albeit he may not effectively compel such service. By virtue of the married women's act the right to compensation for services rendered by her to others is now hers, and she may recover for any loss of income from such services occasioned by the negligence of third persons. *Cooper* v. *Alger*, 51 N. H. 172. But for loss of services voluntarily rendered by her in the home, the right of recovery remains in the husband. *Guevin* v. *Railway*, *supra;* *Gaillard* v. *Boynton*, 70 F. 2d 552 (1st Cir. 1934). See Warren: Husband's Right to Wife's Services, 38 Harv. L. Rev. 421, 436.

At common law the husband recovered for loss of his wife's services whether rendered within or without the home. See *Cooper v. Alger, supra.* At common law also, the wife might recover for injuries to her own person, by an action in which her husband joined. See *Harris v. Webster,* 58 N. H. 481. However we are aware of no New Hampshire decision at common law holding that loss of the husband's earnings or services because of injury to his person constituted legal damage to the wife, so as to give rise to a cause of action maintainable jointly with the husband, comparable to his cause of action for loss of consortium when the circumstances were reversed. Hence the right to recover for damage to the conjugal relation appears to have been the husband's alone, whether it arose out of injury to the wife or to himself. Since we are satisfied that no right of a married woman at common law was invaded by injury to her husband, and that no new right was conferred upon her by statute (*Guevin v. Railway, supra,* 297; RSA 460:2) we hold that the pending action may not be maintained.

In so doing we do not overrule *Seaver v. Adams,* 66 N. H. 142, *supra.* See also, *Lavigne v. Lavigne,* 80 N. H. 559, 561; *Caplan v. Caplan,* 83 N. H. 318. The rights of a married woman with respect to intentional injury to the marriage relation, when the husband is frequently to some extent in *pari delicto,* or at least without motive to seek redress, stand upon a different footing and present different considerations of public policy. See *Gilman v. Gilman,* 78 N. H. 4, *supra; Cf. Prescott v. Robinson,* 74 N. H. 460, 465; *Catalfo v. Shenton,* 102 N. H. 47, 50. It is appropriate that these cases should be distinguished, for if an action by the husband were to be a prerequisite such wrongs would likely go unremedied.

In holding that a married woman has no cause of action for loss of consortium resulting from injuries negligently inflicted upon her husband, we are mindful of the fact that no claim of right to recover upon such a cause has reached our appellate court in the past seventy years, despite the statement in *Seaver v. Adams, supra,* that the Legislature of 1879 intended "wholly to remove the disability" of a married woman "in respect of wrongs" (*id.,* 144), and despite the suggestion of counsel in *Guevin v. Railway, supra,* that a wife should be entitled to recover if a husband may. This has been so, even though a married woman has consistently been permitted to recover for her own personal injuries negligently inflicted. *Plummer v. Ossipee,* 59 N. H. 55; *Halle v. Cavanaugh,* 79 N. H. 418, 420. The circumstances support the conclusion that

since *Seaver* v. *Adams, supra,* and before, no one has seriously supposed that the right of a married woman to recover for loss of consortium existed in this jurisdiction.

The result is that the right to recover for negligent injury to the conjugal relation is that of the husband alone. The right includes recovery not only for his own injury but for any consequent disruption of the conjugal relation thereby, through loss of his earnings or otherwise. It encompasses the right to recover the value of the wife's services in the home, whether they are lost to the husband through personal injury to her, or by reason of diversion of her services to his child because of injury negligently inflicted upon the child. *Ernshaw* v. *Roberge,* 86 N. H. 451, 456; *Woodman* v. *Peck,* 90 N. H. 292, 294. Any recompense to the wife, whether the services lost to the home are her own, her husband's or her child's, must be derived indirectly out of recovery by the husband and through his performance of his obligation to support the wife.

*Judgment for the defendant.*

All concurred.