OTHA TRIPP'S CASE.

Suffolk.    February 5, 1969. — April 3, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & REARDON, JJ.

*Workmen's Compensation Act,* Injuries to which act applies, Serious and wilful misconduct of employee, Findings by Industrial Accident Board.

Where it appeared in a workmen's compensation case that, in the course of a dispute between the employee and a fellow employee, both operators of machines used for buffing skins, concerning what skins were to be buffed by the employee, he struck the fellow employee and was thereupon attacked and injured by the fellow employee, a conclusion was warranted that the employee's injury arose out of and in the course of his employment. [517–518]

Evidence in a workmen's compensation case of the circumstances in
which, during a dispute between the employee and a fellow employee,
both operators of machines used for buffing skins, concerning what
skins were to be buffed by the employee, the fellow employee repeatedly
interfered with the skins which the employee proposed to buff, where-
upon the employee struck the fellow employee from behind with a
piece of pipe and was immediately attacked and injured by the fellow
employee, warranted a finding that the employee was not guilty of
serious and wilful misconduct within G. L. c. 152, § 27. [518–519]

CERTIFICATION to the Superior Court of a decision by the
Industrial Accident Board awarding compensation under
the Workmen's Compensation Act.

The case was heard by *Sgarzi*, J.

*John T. Foynes* for the insurer.

*Nathan Richman* (*John J. Perenyi* with him) for the
claimant.

KIRK, J.   The insurer appeals from a decree awarding
compensation to the claimant Tripp, an employee of the
A & B Tanning Corporation of Brockton.   The reviewing
board, upon consideration of all the evidence, corrected and
amplified the findings of the single member in minor par-
ticulars, adopted the findings as thus amended, and af-
firmed the decision of the single member who had found,
inter alia, that Tripp's injury arose out of and in the course
of his employment and that he was not guilty of serious
and wilful misconduct.

We state the facts found.   The claimant Tripp worked
in the tannery buffing skins by machine on a piecework
basis.   A fellow employee, one Vatsos (called Dean), also
operated a buffing machine.   The two men worked back to
back on their respective machines in the same room.   Tripp
was fifty-nine years old, weighed 150 pounds, and was five
feet, six inches tall.   Vatsos was thirty-four years old,
weighed 240 pounds and was six feet, two inches tall.   The
operator of each buffing machine obtained additional skins,
as needed, from an adjoining room where they were placed in
packs on wooden wheeled horses which could be pushed about.

On the afternoon of March 23, 1965, Tripp had finished
buffing a pack of skins and was pushing a horse loaded with

skins from the adjoining room toward his machine. Vatsos tried to make Tripp return the long skins on the horse and take instead a pack of short skins. This Tripp refused to do. As Tripp was preparing to put the horse in its proper position near his machine, Vatsos threw some of the skins to the floor. Tripp picked them up, replaced them on the horse and returned to his work. Vatsos again threw the skins to the floor. Tripp asked him not to throw the skins to the floor. He again picked up the skins, placed them on the horse and pushed the horse to its proper place. Tripp then went to a window, got a piece of pipe fifteen inches long and placed it under his machine. He started his machine and was buffing the first skin when Vatsos for the third time threw some of the skins from Tripp's horse to the floor. Tripp grabbed the pipe and, from behind, hit Vatsos on the back of the head near the left ear. Vatsos went to his knees, recovered, and got to his feet. In the struggle which followed, Tripp's foot got caught in the pedal of his machine and he fell. Vatsos jumped on Tripp, straddled him, locked his arms, and removed his glasses. Then Vatsos pressed his thumb hard under Tripp's left eye and kept rubbing it. Vatsos released Tripp and both got to their feet. Tripp felt pain in the left eye area; his eye was out and blood was running down his cheek. Both men were taken to a clinic. Vatsos had a laceration three quarters of an inch long behind his left ear which required three stitches to close. Tripp was transferred to a hospital where a diagnosis was made of ruptured globe (left eye). The eye was enucleated on March 27, 1965. On April 22, 1965, Tripp was fitted with an artificial eye.

The insurer quite rightly does not contest the reviewing board's finding that Tripp's injury arose out of and in the course of his employment. The evidence upon which the finding was based places the case fully within the principles broadly stated and discussed by Chief Justice Qua in *Dillon's Case*, 324 Mass. 102, 105–108, where it was said in part at pages 106–107, "the question is whether the injury occurred in the line of consequences resulting from the circum-

stances and conditions of the employment, and not who was to blame for it. . . . So even where the employee himself strikes the first blow, that fact does not break the connection between the employment and the injury, if . . . [the] findings were warranted that both the quarrel and the ensuing injury arose out of the employment."

The insurer does, however, contest the board's finding "that the employee was not guilty of serious and wilful misconduct within the meaning of Section 27 of the Act." The issue, on appeal, "is not whether there was evidence of serious and wilful misconduct, but whether the finding of the board that such misconduct was not established was wholly unwarranted or vitiated by error of law." *McCarthy's Case*, 314 Mass. 610, 612. *Dillon's Case, supra,* 110. What constitutes serious and wilful misconduct has been discussed in several cases with numerous citations of authorities. *Scaia's Case*, 320 Mass. 432, 433–435. *Dillon's Case, supra,* 110. Restatement 2d: Torts, § 500. Whether one is guilty of such misconduct is a question of fact. *McCarthy's Case, supra,* 612. In answering the question in cases such as the one before us consideration should be given to all of the immediately attending circumstances.[1] The fact that Tripp attacked Vatsos from behind with a pipe which he had placed nearby should not, as the insurer seems to argue, be considered in isolation from other facts. The board could properly and doubtless did consider the persistent and wilful acts of physical interference by Vatsos in Tripp's work immediately before the attack. Consideration could and should be given to the wide disparity of years and to the difference in size and strength between the two men, as well as to their relative aggressiveness, attitudes and the availability of super-

---

[1] The insurer argues before us for the first time that the case be recommitted to the board with instructions to make specific findings disclosing the basis of its conclusion on the issue of serious and wilful misconduct. The board's narrative of the whole course of events constitutes an adequate statement of its subsidiary findings by which the tenability of its ultimate finding on the issue may be tested and a determination made whether correct rules of law have been applied to the facts found. There was compliance with the rule stated in *Di Clavio's Case*, 293 Mass. 259, 261–262. See *Moore's Case*, 330 Mass. 1, 5–6; *Whitaker's Case*, 354 Mass. 4, 5.

visory personnel to handle disputes. In a case where imponderables such as these are present we should hesitate long before laying down, in contradiction of a reviewing board's finding of fact, a positive ruling of law that the employee was guilty of serious and wilful misconduct so as to bar all relief to him. We decline so to rule in the case before us. See *Blanchard's Case*, 335 Mass. 175, 177. Compare *Houston's Case*, 344 Mass. 754.

The decree is affirmed. Costs of appeal are to be determined by the single justice.

*So ordered.*