FIDELITY & CASUALTY COMPANY OF NEW YORK *v.* DESHONE

1. WORKMEN'S COMPENSATION—ACCEPTANCE OF BENEFITS—ELECTION OF REMEDIES.

Acceptance of benefits under the workmen's compensation act is an election of remedies, and an injured employee who accepts such benefits may not bring a separate personal injury action against another individual in the same employ (CLS 1961, § 413.15).

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation § 65.
[2] 58 Am Jur, Workmen's Compensation §§ 65, 530.
[3] 58 Am Jur, Workmen's Compensation § 217.

2. WORKMEN'S COMPENSATION—ACCEPTANCE OF BENEFITS—ELECTION
   OF REMEDIES—PERSONAL INJURY ACTION.

    Determination by workmen's compensation board, in awarding
   compensation to an employee, that that employee was injured
   during the course of his employment, is binding on the em-
   ployee to the extent that it prevents him from bringing a sub-
   sequent personal injury action to recover for the injury.

3. WORKMEN'S COMPENSATION—ACCEPTANCE OF BENEFITS—ELECTION
   OF REMEDIES—PERSONAL INJURY ACTION—PREMISES OF EMPLOYER
   —PARKING AREA.

    Injury sustained by an employee as a result of being struck by
   the car of a fellow employee while standing in an area owned
   by a municipality but maintained by the employer as a parking
   area for customers and employees is considered to take place
   on the premises of the employer and arose out of and happened
   in the course of the mutual employment of the parties; there-
   fore the trial court's award to defendant of judgment notwith-
   standing the verdict for plaintiff was proper in a personal in-
   jury action brought after plaintiff had already received work-
   men's compensation benefits (CLS 1961, §§ 412.1, 413.15).

Appeal from Saginaw, Fred J. Borchard, J. Sub-
mitted Division 2 March 7, 1969, at Lansing. (Dock-
et No. 5,375.) Decided May 29, 1969. Leave to
appeal granted January 21, 1970. See 383 Mich 759.

Complaint by Fidelity & Casualty Company of
New York and Eugene Wend against Robert De-
shone for injuries sustained when plaintiff Wend
was struck by an automobile driven by defendant.
Verdict for plaintiff. Defendant's motion for judg-
ment notwithstanding verdict granted. Plaintiffs
appeal. Affirmed.

*Carras & Carras,* for plaintiffs.

*Heilman, Purcell, Tunison & Cline,* for defendant.

BEFORE: J. H. GILLIS, P. J., and LEVIN and
BRONSON, JJ.

Bronson, J. Plaintiff Eugene Wend was an employee of Deshone IGA Store in St. Charles, Michigan. On October 27, 1960, while waiting beside the store for it to be opened, Wend was struck by a car driven by the defendant. Wend obtained an award of workmen's compensation, which was paid by plaintiff Fidelity & Casualty Company of New York, IGA's workmen's compensation insurance carrier.

Fidelity & Casualty Company commenced an action against the defendant to recover the amount it had paid Wend. Subsequently, the court permitted Wend to join as a party plaintiff. Before trial, defendant moved for a summary judgment, which was denied. Following a trial before the Saginaw county circuit court, the jury returned a verdict for the plaintiffs. Defendant filed a motion for judgment notwithstanding the verdict and it was granted. Plaintiffs have appealed.

The trial court was confronted with the following situation. Under the workmen's compensation act an injured employee entitled to compensation may not bring a separate personal injury action against another individual in the same employ. MCLA § 413-.15 (Stat Ann 1968 Rev § 17.189); *Sergeant v. Kennedy* (1958), 352 Mich 494. If it were determined that Wend and the defendant were "in the same employ", the plaintiff's election to accept a workmen's compensation award precluded him from bringing a separate personal injury action against the defendant. The workmen's compensation board, in making the award to Wend, determined that he was an employee injured during the course of his employment. That determination concerning Wend's status is binding on him in this action. *Ayers v. Genter* (1962), 367 Mich 675. Therefore, if the evidence presented at the trial clearly showed that the defendant was in the same employ as Wend at the time

the injury occurred, neither Wend nor his employer's subrogee (*Utley* v. *Taylor & Gaskin, Inc.* [1943], 305 Mich 561, 575) could recover.

In granting the judgment notwithstanding the verdict, the trial court determined that the evidence established that the defendant was a co-employee, and that the proof was so clear that the jury's verdict to the contrary could not stand.

The sole question on appeal, therefore, is whether the evidence concerning the defendant's status as a co-employee was so clear as to justify setting aside the jury's verdict. An examination of the record indicates that the injury occurred around 8:00 a.m. while Wend was standing alongside the store waiting for the defendant to open it. The defendant had been given the keys to the market by the owner and was to open the store so that Wend could enter. Upon arriving at the store, defendant was told by a third party that the key to his car would fit the defendant's car. When defendant tried this other key in his ignition, the car lurched forward, pinning Wend against the store building.

Subsequently, the store was opened by defendant and both Wend and defendant went in to work.

The defendant's car was parked on a parcel of land owned by the local municipality. This parcel was between the sidewalk, on which Wend was standing, adjoining the store building and the street. The employer testified that he maintained the parcel on which the defendant parked and that the city did not do so. An injury occurring in a parking lot normally used by employees, maintained by the employer, is considered to take place on the premises of the employer even though, as in this case, the land is not owned or leased by the employer. *Lasiewicki* v. *Tusco Products Company* (1963), 372 Mich 125. We note that under the statute, "every employee go-

ing to or from his work while on the premises where his work is to be performed, and within a reasonable time before and after his working hours, shall be presumed to be in the course of his employment." MCLA § 412.1 (Stat Ann 1968 Rev § 17.151).

An examination of the record indicates that the acts of defendant and Wend's injury arose out of and in the course of their mutual employment by the IGA Store, and that both the acts and the injury took place on the premises of their employer. This conclusion is not affected by the fact that the defendant's action in restarting his automobile with someone else's key was not something that needed to be done in the course of the defendant's employment. See *Crilly* v. *Ballou* (1958), 353 Mich 303, 326, where the Court observed that an employee is not a robot and thus "for the purposes of the compensation act the concept of course of employment is more comprehensive than the assigned work * * * ".

Affirmed.

All concurred.