Rockingham,
No. 5952.

DOROTHY LABONTE

*v.*

NATIONAL GYPSUM COMPANY.

WILLIAM A. LABONTE

*v.*

SAME.

June 30, 1970.

*Shaines, Madrigan & McEachern* and *Duncan A. McEachern* ( *Mr. McEachern* orally ), for the plaintiffs.

*Calderwood, Silverman, & Ouellette* and *William B. Cullimore* ( *Mr. Cullimore* orally ), for the defendant.

LAMPRON, J. Plaintiff William A. LaBonte, husband of plaintiff Dorothy LaBonte was injured on June 13, 1968, in the plant of defendant National Gypsum Company by whom he was empolyed. His injury allegedly resulted from a blow about the neck wilfully and maliciously inflicted by a co-worker. On July 1, a memorandum of an agreement for compensation was filed with the Labor Commissioner under the provisions of RSA 281:36 (supp.). On July 2 the agreement was approved by the Deputy Commissioner and William thereafter received compensation payments of $58 per week and medical benefits.

On August 27, 1968, William instituted a common-law action based on defendant's negligence in which he sought damages from the employer for the alleged assault and battery committed against him. His declaration alleges in part that the injury which the defendant negligently failed to prevent resulted from a cause unrelated to his employment and was the result of a purely personal matter. On the same day, Dorothy, his wife, began an action for loss of consortium resulting from the injury to her husband negligently caused by the defendant. Defendant filed a motion to dismiss William's action on the ground, among others, that his exclusive remedy was under the Workmen's Compensation Law. RSA 281:12 (supp.). Defendant argues that having accepted benefits thereunder he may not maintain a common-law action. It moved to dismiss Dorothy's action because her "cause of action is dependent upon her husband's cause of action and if that action is barred so is the plaintiff's." Both of these motions were granted and plaintiffs' exceptions thereto were reserved and transferred by *Dunfey,* J.

Under the provisions of RSA 281:12 (supp.), if William's injury was an accidental injury arising out of and in the course of his employment he was conclusively presumed to have accepted the provisions of the law and "to have waived his rights of action at common law to recover damages for personal injuries against his employer . . . ." If, however, his injury did not arise out of his employment, but rather from a cause unrelated thereto, he could maintain an action at law because his injury would be noncompensable. *Wilkinson* v. *Achber,* 101 N.H. 7, 10, 131 A.2d 51, 53.

Since William's injury occurred after July 15, 1959 when the employee's privilege to choose his form of relief for accidents arising in the course of his employment (Laws 1959, 187:4) was abolished, his receipt of compensation would not constitute

a bar, under the doctrine of election of remedies, to his common-law action as it did previously when a choice existed. *Gordon* v. *Company,* 83 N.H. 221, 223, 140 A. 704, 706; *Churchill* v. *Company,* 86 N.H. 415, 170 A. 10, 11; *Davis* v. *Company,* 89 N.H. 520, 2 A.2d 448, 449. Defendant takes the position, however, that the agreement for compensation filed and approved under RSA 281:36 ( supp. ) is a bar on a theory of res adjudicata or preclusion of remedy. *Prassas* v. *Company,* 100 N.H. 209, 123 A.2d 157, 158; *Strong* v. *Company,* 82 N.H. 221, 131 A. 688, 689; Vestal, Res Judicata / Preclusion 43. ( 1969 ).

If, after notice to the parties and a hearing at which " full consideration shall be given to all evidence " ( *see* RSA 281:37 ( supp. ) ), the Labor Commissioner had determined that William's injury was compensable, this determination, in the absence of an appeal, would constitute a bar to his common-law action. *Fidelity & Cas. Co. of New York* v. *Deshone,* 17 Mich. App. 556, 170 N.W.2d 172; *Russell* v. *Industrial Comm'n.,* 104 Ariz. 548, 553, 456 P.2d 918, 923; 100 C.J.S. Workmen's Compensation *s.* 657. However, where, as in this case, there has been no such determination of that issue in a proceeding approximating the decisional process of courts, the plaintiff is not precluded from maintaining a common-law action if his injury is in fact non-compensable. 2 Davis, Administrative Law Treatise *ss.* 18.01-.06; Vestal, Res Judicata / Preclusion 224 ( 1969 ). *See Newell* v. *Moreau,* 94 N.H. 439, 441, 442, 55 A.2d 476, 478, 479.

On defendant's motion to dismiss William's action at law, the allegations in his pleadings must be taken to be true and construed most favorably to him. *Aldrich* v. *Beauregard & Sons,* 105 N.H. 330, 339, 200 A.2d 14, 15. The only count in his declaration alleges in part that his injury did not result from a risk to which his employment subjected him; that it resulted from a cause unrelated to any act by him in the course of his employment; and that it was the result of a purely personal matter unrelated to his employment.

The law is well established that " if the assault arose from a personal quarrel unrelated to the employment or its environment, the resulting injury did not arise out of the employment. " Horovitz, Workmen's Compensation: Half Century of Judicial Developments, 41 Neb. L. Rev. 1, 22. " If the friction and strain arises not because of the enforced contacts resulting from the duties of the employment, but rather because the two employees, who met

each other on the job, choose to enter a purely private relation-ship just as they might if they had elsewhere" and quarrels de-velop they do not arise out of the employment. 1 Larson, Work-men's Compensation Law *s.* 11.22. To be compensable the injury received in a quarrel must result from "the conditions and ob-ligations of the employment" and not merely from "the bare existence of the employment." *Id.; Wilkinson* v. *Achber,* 101 N.H. 7, 9, 131 A.2d 51, 53; *Martin* v. *J. Lichtman & Sons,* 42 N.J. 81, 199 A.2d 241; *see Newell* v. *Moreau,* 94 N.H. 439, 445, 55 A.2d 476, 479; *In re Tripp's Case,* 246 N.E.2d 449 ( Mass. 1969 ); 99 C.J.S. Workmen's Compensation *s.* 226. Con-sequently the above allegations in plaintiff's action would tend to establish that his injuries resulted from the negligence of the defendant under circumstances which do not make them compen-sable under the Workmen's Compensation Law. *Wilkinson* v. *Achber supra.*

However, plaintiff's declaration, like any other document, must be construed as an entirety. *Steinberg* v. *Steinberg,* 95 N.H. 461, 462, 65 A.2d 874, 875; 71 C.J.S. Pleading *s.* 53, at 120. Des-pite his allegations that his injury was noncompensable and to establish his common-law action, plaintiff makes the follow-ing additional allegations in his declaration: The defendant em-ployer had known for about six months that the co-worker who assaulted plaintiff "sought and intended to inflict" this injury on him; the employer owed plaintiff the duty to take all reason-able precautions to avoid that occurrence and failed to take af-firmative action to insure the safety of the plaintiff; and, on the contrary, with knowledge of this employee's evil and malicious intent required them to continue to work together in the same area of the plant which resulted "in the wilful and malicious injury upon the plaintiff".

We hold that construing plaintiff's declaration as a whole most favorably to him it "admits of only one conclusion" ( *Wilkinson* v. *Achber,* 101 N.H. 7, 10, 131 A.2d 51, 53 ), that is, that his injury resulted from "the conditions and obligations of the em-ployment". 1 Larson, Workmen's Compensation Law *s.* 11.12. In other words, plaintiff's declaration established as a matter of law that his injury resulted from the employer's negligent super-vision of his employees and was an accidental injury arising out of and in the course of his employment and compensable under RSA ch. 281. *Newell* v. *Moreau,* 94 N.H. 439, 441, 55

A.2d 476, 479. Plaintiff, being conclusively presumed to have accepted the provisions of the Workmen's Compensation Law (RSA 281:12 (supp.)), cannot maintain an action at common law against his employer for his injury. *Wilkinson* v. *Achber supra*. The trial court properly granted defendant's motion to dismiss plaintiff's action at law and his exception thereto is over-ruled.

We consider next the dismissal of the action of William's wife, Dorothy, for her loss of consortium. " 'Consortium,' as a general description, represents reciprocal rights inherent in the marital relationship of husband and wife, including such undefined elements as comfort, companionship, and commitment to the needs of each other." *Thill* v. *Modern Erecting Co.*, 170 N.W.2d 865, 867-68 (Minn. 1969). It "embraces love, companionship, affection, society, sexual relations, services solace." *Moran* v. *Quality Aluminum Casting Co.,* 34 Wis. 2d 542, 150 N.W.2d 137.

Prior to 1950, no court, except one, had held that the wife had a cause of action for loss of consortium due to negligent injury to her husband. Restatement, Second, Torts, *s.* 695, Note at 18 (Tent. Draft No. 14, April 15, 1969). The reasons given for denying such an action are numerous and varied and can be found in Restatement, Second, Torts *supra*, Arguments at 14-16; 44 Notre Dame L. 264, 265-67 (1968): Annot., 23 A.L.R.2d 1378, 1380, 1391-395. "Since the decision of *Hitaffer* v. *Argonne Co.,* 183 F.2d 811 (D.C. Cir. 1950) much has been written by courts and commentators concerning the right of a wife to recover for loss of consortium . . ." *Snodgrass* v. *Cherry-Burrell Co.,* 103 N.H. 56, 164 A.2d 579. This court in refusing to recognize such a right of action in that case gave, among other reasons, the absence of a statutory grant thereof, an attitude taken by many courts. *Potter* v. *Schafter,* 161 Me. 340, 211 A.2d 891; Prosser, Torts *s.* 119, at 918 (3d ed. 1964); 18 Buffalo L. Rev. 615, 619 (1969).

However, our legislature subsequently (Laws 1967, Ch. 218, now RSA 507:8-a) adopted the following statute: "Loss of Consortium. In a proper action, either a wife or husband is entitled to recover damages for loss or impairment of right of consortium whether caused intentionally or by negligent interference." This court held in *Bromfield* v. *Seybolt Motors,* 109 N.H. 501, 502, 256 A.2d 151, 152 that "[t]he statute did not give the wife merely a new remedy to an existing right but gave

her a new cause of action previously denied" and refused to apply it retroactively. No such problem exists in this case as William's injury occurred after August 21, 1967, the effective date of the statute.

Relying principally on *Courage* v. *Carleton,* 96 N.H. 348, 77 A.2d 111, defendant takes the position that Dorothy's action is derivative and is subject to the same defenses available in the suit of her husband; mainly his acceptance of the Workmen's Compensation Law barring her common-law action as well as his. In the *Courage* case, the father was seeking to recover in an action at common law for the loss of services and medical and hospital expenses resulting from a compensable injury to his minor son. The dismissal of his action was specifically based on the ground that the father's action was "merely for 'consequential damages' . . . and 'not [for] an independent injury'" and was barred because the son had lost his right of action at common law under the compensation act. *Courage* v. *Carleton, supra* at 350, 77 A.2d at 113.

Contrarily, the right of action for loss or impairment of consortium granted to the wife (as well as to the husband) is a separate and distinct right from that of her husband to recover for her separate and distinct loss of consortium which results to her from the negligent injury to her husband. *Kotsiris* v. *Ling,* 451 S.W.2d 411, 412 (Ky. 1970); *Millington* v. *Southeastern Elevator Co.,* 22 N.Y.2d 498, 503, 239 N.E.2d 897, 899; *Novak* v. *City Transit, Inc.,* 365 S.W.2d 539, 544 (Mo. 1963); 13 Vill. L. Rev. 418, 422 (1968); Restatement, Second, Torts s. 695 (Tent. Draft No. 14, April 15, 1969, adopted 46 A.L.I. Proceedings 157 (1969)).

The fact that the allegedly negligent injury to the husband which is the basis of the wife's action is compensable under RSA ch. 281, is not a bar to her action. Section 12 thereof provides in part that "[a]n employee of an employer subject to this chapter shall be conclusively presumed to have accepted the provisions hereof and to have waived *his* rights of action at common law to recover damages for personal injuries against his employer . . . ." (Emphasis added). This waiver of the husband is not a bar to his wife's action because unlike many compensation statutes which specifically exclude actions by a spouse, parents, dependents and next-of-kin, ours contains a very simple and limited waiver of the husband's own common-law rights.

2 Larson, Workmen's Compensation Law *s.* 66.10. We hold therefore that defendant's motion to dismiss Dorothy's action was erroneously granted. *Kotsiris* v. *Ling,* 451 S.W.2d 411, 412 ( Ky. 1970 ); *Sheperd* v. *Consumers Cooperative Ass'n,* 384 S.W.2d 635, 640 ( Mo. 1964 ); *Danek* v. *Hommer,* 9 N.J. 56, 62, 87 A.2d 5, 8 ( *dissent* Vanderbilt ). *See Baldwin* v. *State and Vt. Ry.,* 125 Vt. 317, 319, 215 A.2d 492, 493; *Deems* v. *Western Maryland Ry.,* 247 Md. 95, 231 A.2d 514. *Cf. Smither and Co.* v. *Coles,* 242 F.2d 220, 224 ( D.C. Cir. 1957 ); *Lunow* v. *Fairchance Lumber Co.,* 389 F.2d 212, 214 ( 10th Cir. 1968 ); *Ash* v. *S. S. Mullen, Inc.,* 43 Wash. 2d 345, 261 P.2d 118; *Spinola* v. *New York Cent. R.R.,* 305 N.Y.S.2d 437.

> *Plaintiff William's exception overruled.*
> *Plaintiff Dorothy's exception sustained.*

All concurred.

ON MOTION FOR REHEARING : After the foregoing opinion was filed, the defendant moved for rehearing.

*Calderwood, Silverman & Ouellette,* for the motion.

*Shaines, Madrigan & McEachern* and *Duncan A. McEachern,* opposed.

*Sheehan, Phinney, Bass & Green* and *E. Paul Kelly,* amicus curiae, for the motion.

> *Motion denied;*
> *opinion modified.*

All concurred.
October 30, 1970.