Hillsborough, } No. 3918.
Dec. 5, 1950. } No. 3954.

ROBERT E. COURAGE, JR. *v.* OLIVER W. CARLETON.

EDITH M. COURAGE, *Adm'x v.* OLIVER W. CARLETON.

*Robert E. Early, Leonard & Leonard* and *Charles J. Flynn, (Mr. Flynn* orally), for the plaintiffs.

*Sheehan, Phinney & Bass* and *Charles J. Lincoln (Mr. Phinney* orally), for the defendant.

BLANDIN, J. The questions before us are first, is a minor employee within the provisions of the workmen's compensation law; second, if so having failed to notify his employer within the statutory time limit (Laws 1947, c. 266, s. 10) that he did not accept the act has he waived his rights at common law; and third, is the father's action for consequential damages barred?

We have no hesitation in holding our compensation law applicable to minors and that the minor plaintiff here may pursue his rights under it. Laws 1947, c. 266, s. 2 II, defines an employee as "any person in the service of an employer" with the exception of farm laborers, domestic servants and railroad employees subject to the federal employers' liability act. The word person ordinarily means a human being. Web. Int. Dict. (2d *ed.*) 1828. It would be an extraordinary interpretation which would so narrowly construe a law, which it is universally conceded ought to be liberally construed, as to deprive a minor of its benefits. We believe common sense and the weight of authority support the view that our act covers minors. *Pierce's case,* 267 Mass. 208; 1 Schneider, Workmen's Compensation 299, 300; 58 Am. Jur. 680.

The question whether the minor must be held to have elected to accept the benefits of the act and to have waived his common law rights depends on the intent of the statute and is by no means free from difficulty. We believe, however, that it was the intent of the Legislature that minors should be bound. If it did not desire this result it could have said so. In earlier enactments special provisions were made for the "mentally incompetent" to elect by guardians (Laws 1911, c. 163, s. 8; P. L., c. 178, s. 33; R. L., c. 216, s. 37) and these were construed to include minors. *Moore* v. *Hoyt*, 80 N. H. 168, 170, 171. In this connection it may be said that the *Moore* case and similar decisions cited by the plaintiffs to support their claim that election must be by guardian were decided under these earlier provisions of the law which were not reenacted in the present statute. They are therefore inapplicable. In the act now before us (Laws 1947, c. 266) the Legislature was not oblivious to the rights of minors as shown by s. 20 I, III, providing for guardians for minor dependents and s. 27 directing double benefits for minors illegally employed. Under all the circumstances it appears that had the intent been to relieve minors of the presumption of acceptance of the act it would have been so stated. *Bourgeois* v. *Company*, 213 La. 991. Not having done this and the protection of the act being considered highly beneficial (*Carbonneau* v. *Company, ante*, 240, 244) it appears that minors as well as adults are bound by the elective provisions of s. 10 of the statute. *Bourgeois* v. *Company, supra*.

We now come to the final question whether the father's common law suit for consequential damages may be maintained. Our cases hold that it cannot, for there being no liability at common law to the son there is none to his father whose action is merely for "consequential damages" (*Lumbermen's &c. Company* v. *Yeroyan*, 90 N. H. 145, 146) and "not [for] an independent injury." See *Putnam* v. *Corporation*, 90 N. H. 74, 76. "There can be no severance of liability" as between the father and son. *Calley* v. *Railroad*, 92 N. H. 455, 461; 39 Am. Jur., Parent and Child, s. 81.

It follows the order in both cases must be

*Judgment for the defendant.*

All concurred.