Hillsborough,
No. 5076.

ARMAND F. ROY

*v.*

MANCHESTER GAS COMPANY.

Argued October 2, 1962.

Decided October 31, 1962.

*Armand F. Roy* (by brief and orally), *pro se.*

*Booth, Wadleigh, Langdell, Starr & Peters* (*Mr. Philip J. Peters* orally), for the defendant.

LAMPRON, J.   Plaintiff's employment with the defendant Gas Company began on January 17, 1952 and he was injured in the course thereof on February 4, 1954.   On February 15 plaintiff signed an agreement for compensation and it was paid by defendant's insurer for seventy-five weeks starting with the date of injury at the then maximum weekly rate of $33 for a total amount of $2,475.   RSA 281:23.   In addition the Gas Company paid him for a period of sixty-five weeks the difference between his weekly salary and the compensation payment he received.

The Labor Commissioner granted requests filed for the plaintiff by his attorney extending the medical provisions of the compensation law through January 28, 1957.   Defendant's insurer paid the sum of $3,817.78 for medical and hospital services rendered to the plaintiff.

In June 1960 another attorney then representing the plaintiff arranged for a hearing before the Labor Commissioner which was held on September 15, 1960. On December 8, 1960, the Commissioner decided that "Although the zone of the law had expired prior to the hearing, the medical reports indicating that Mr. Roy does have a permanent partial disability, the Commissioner would rule that consideration should be given to payment of compensation for 98 weeks at $33.00 per week for this permanent partial disability."

On February 17, 1961 through another attorney plaintiff filed a petition for right to appeal (RSA 281:42) from the above decision after the then 60-day (see RSA 281:37 (supp)) statutory period for appeal had expired. RSA 281:37. Defendant filed a motion for dismissal on several grounds. On the day for trial, May 23, 1961, the plaintiff and defendant's insurer executed an agreement for a lump sum settlement in the amount of $3,000. The attorneys for the respective parties executed and filed a stipulation that the markings on plaintiff's petition be "Judgment [for] the plaintiff in the amount of Three Thousand Dollars ($3,000.00). No costs. Judgment Satisfied." This agreement was approved by the Superior Court under authority of the provisions of RSA 281:33 (supp).

By writ dated April 10, 1962, the plaintiff brought the present action at law, *pro se,* alleging that the Gas Company, his employer, was grossly negligent and seeking further compensation for the disability resulting from his accident. The defendant filed a motion to dismiss on the ground that plaintiff as its employee at the time of the accident is barred from bringing an action at law and on the further ground that he has received all the workmen's compensation benefits to which he is entitled. The Trial Court granted this motion.

The Gas Company was an employer under our Workmen's Compensation Law at the time the plaintiff became its employee and on the day he was injured. RSA 281:2 I. Section 12 of this chapter, which was in effect on both of the above dates, provides that unless and until an employee, such as the plaintiff, has filed with his employer and with the Commissioner of Labor within fifteen days of the date of his employment a declaration in writing that he does not accept the compensation provisions of that chapter "he shall be assumed . . . to have waived his rights of action at common law to recover damages for personal

injuries against his employer." This court has held that by this provision "the Legislature intended to and has changed the workmen's compensation law of our state from one which gave the employee the unlimited right of election after injury . . . the only state where it existed . . . to one where election by the employee has to be made before injury and within the specified period of fifteen days." *Carbonneau* v. *Company,* 96 N. H. 240, 243, 244.

There being no claim or evidence that the plaintiff ever filed the notice of nonacceptance of the compensation provisions required by section 12, he could not bring an action at law for damages for the injuries which he sustained in the accident which arose out of and in the course of his employment by the defendant. The granting of its motion to dismiss was proper. *Wilkinson* v. *Achber,* 101 N. H. 7, 9.

*Exception overruled.*

KENISON, C. J., did not sit; the others concurred.