Hillsborough,
No. 5716.

ARMAND F. ROY

*v.*

MANCHESTER GAS COMPANY.

Argued February 7, 1968.
Decided February 29, 1968.

*Armand F. Roy* ( by brief and orally ), pro se.

*Wadleigh, Langdell, Starr, Peters & Dunn* and *James S. Yako-vakis* ( *Mr. Yakovakis* orally ), for the defendant.

PER CURIAM. The plaintiff was injured in the employ of the defendant on February 4, 1954. The history of the plaintiff's litigation under the Workmen's Compensation Law and the final settlement of that litigation on May 23, 1961 is set forth in detail in *Roy* v. *Manchester Gas Co.,* 104 N. H. 318. In that case the plaintiff's attempt to gain further compensation for the injuries he sustained February 4, 1954 was denied. The opinion pointed out that he had been fully compensated under the Workmen's Compensation Law and the act barred an action at law.

*Roy* v. *Dunn,* 106 N. H. 179 was an action brought by this plaintiff against counsel for the defendant company in the litigation. This court described that action as "wholly without foundation" and "but another of many attempts of Roy to further litigate his workmen's compensation claim."

The present case alleges that the defendant company failed to report the accident of February 4, 1954 within forty-eight hours as required by RSA 281:46 and relies upon a letter of the Labor Commissioner under date of December 8, 1960, which referred to defendant company's report as having been received February 8, 1958. The plaintiff argues that since the accident was not reported as required by the Workmen's Compensation Law, compensation payments could not have been authorized by the Commissioner, and the plaintiff could not have been insured under the Workmen's Compensation Law.

The history of the litigation bears out the defendant's assertion that the date in the Commissioner's letter was a typographical error as does the date of filing stamped on the report which is February 8, 1954. Even if the defendant's report was not filed within forty-eight hours, the plaintiff would have no right to collect further damages for the accident for which he has been fully compensated. All rights of the plaintiff arising out of the accident of February 4, 1954 have been fully litigated and finally determined, and the issue which the plaintiff now seeks to raise is not open to him. *Roy* v. *Manchester Gas Co.,* 104 N. H. 318; *Roy* v. *Dunn,* 106 N. H. 179.

*Exception overruled; judgment for defendant.*