Hillsborough,
No. 6182.

BRIAN BROOKS, *by his mother and next friend & a.*

*v.*

LEGASSE AMUSEMENT COMPANY, INC.

STELLA BROOKS

*v.*

SAME.

April 5, 1971.

*James A. Connor* ( by brief and orally ), for the plaintiff.

*Devine, Millimet, McDonough, Stahl & Branch* and *Robert A. Backus* ( *Mr. Backus* orally ), for the defendant.

KENISON, C.J. Action to recover damages for personal injuries to a minor arising out of his alleged employment by defendant on August 1, 1967. The mother also brought an action for consequential damages arising from the accident. The defendant filed a special appearance and motion to dismiss the actions on the ground that the acceptance of workmen's compensation barred further proceedings. Plaintiff's exception to the granting of this motion was reserved and transferred by *Dunfey*, J.

The minor was injured on August 1, 1967 when allegedly in the employment of the defendant which was operating a carnival at a church in Manchester. The minor sought workmen's compensation and received a favorable ruling from the Deputy Labor Commissioner in 1968. Defendant's appeal of this ruling resulted in a compromise lump sum settlement which was approved by the court on March 20, 1970. The lump sum settlement provided for the minor's medical bills, his attorney's fee, and a small balance "to avoid future litigation." The lump sum settlement ( RSA 281:33( supp. ) ) signed by all the parties and their respective counsel stated that it was "a final settlement of the dispute . . . and cannot be reopened at a later date." The defendant's motion to dismiss was granted after hearing by the court on July 8, 1970.

RSA 281:12 ( supp. ) in pertinent part reads as follows: "Employees Presumed To Have Accepted. An employee of an employer subject to this chapter shall be conclusively presumed to have accepted the provisions hereof and to have waived his rights of action at common law to recover damages for personal injuries against his employer, or against the employer's insurance carrier . . . ." The words of the statute have been interpreted according to their natural meaning. A person can "not bring an action at law for damages for the injuries which he sustained in the accident which arose out of and in the course of his employment by the defendant." *Roy* v. *Manchester Gas Co.,* 104 N.H. 318, 320, 185 A.2d 486, 487 ( 1962 ); RSA 281:12 ( supp. ). Where the injury was accidental and arose out of and in the course of his employment, plaintiff's remedy is limited to the Workmen's Compensation Act. *Wilkinson* v. *Achber,* 101 N.H. 7, 131 A.2d 51 ( 1957 ). It is true that in the present case the question whether the minor was in the employment of the defendant was questioned by the latter but all of the parties with their counsel entered into a lump sum agreement which placed the case squarely within the domain of the Workmen's Compensation Law and accordingly is governed by it. 2 Larson, Workmen's Compensation Law *s.* 65.00, at 135 ( 1970 ).

As was said in the more recent case of *Labonte* v. *National Gypsum Company,* 110 N.H. 314, 318, 269 A.2d 634, 637 ( 1970 ); "Plaintiff, being conclusively presumed to have accepted the provisions of the Workmen's Compensation Law

( RSA 281:12( supp. ) ), cannot maintain an action at common law against his employer for his injury. "

The contention is made that the Workmen's Compensation Law does not apply or should not be applied to minors. The history of the Workmen's Compensation Law and the cases decided under it refute this contention. *Ocean Accident &c. Corp.* v. *Laundry Co.,* 92 N.H. 260, 29 A.2d 418 ( 1942 ); *Bernier* v. *Mills,* 93 N.H. 165, 37 A.2d 5 ( 1944 ); *Courage* v. *Carleton,* 96 N.H. 348, 77 A.2d 111 ( 1950 ). The suggestion that *Courage* v. *Carleton supra* is distinguishable from the present case because there the minor was legally employed and was three years older than the plaintiff in the present case does not change the legal position of the parties.

It is conceded that the action for consequential damages by the mother was subject to dismissal on the authority of *Courage* v. *Carleton supra* but plaintiff suggests that the case should be overruled or distinguished. That case was recently reaffirmed in *Labonte* v. *National Gypsum Company,* 110 N.H. 314, 269 A.2d 634 ( 1970 ), and we see no reason to retreat from that position in this case. The mother's action for consequential damages is not based on an independent statutory right such as that involved in *Labonte* v. *National Gypsum Company supra* ( RSA 507:8-a ) and therefore the principle of *Courage* v. *Carleton* does apply.

It may be that the minor plaintiff in this case might have recovered more if he had brought a personal injury action in the first instance, but having proceeded under the Workmen's Compensation Law he cannot now wipe the slate clean and begin all over again. The natural concern for rights of minors does not extend that far. *Hill* v. *Moskin Stores, Inc.,* 53 Del. 117, 165 A.2d 447 ( 1960 ).

The trial court's dismissal of the action was proper and the order is

*Exceptions overruled.*

All concurred.