Hillsborough,
No. 5716a.

ARMAND F. ROY

*v.*

MANCHESTER GAS COMPANY

July 29, 1971.

PER CURIAM. The present petition represents another effort by the plaintiff in his unremitting quest for additional compensation for personal injuries he sustained on February 4, 1954 in the course of his employment by the defendant. The plaintiff's claim was litigated and determined in *Roy* v. *Manchester Gas Company*, 104 N.H. 318, 185 A.2d 486 ( 1962 ), and his subsequent efforts, heretofore, to secure additional compensation by attempting to relitigate his claim and to raise new issues have been denied. *Roy* v. *Manchester Gas Company*, 108 N.H. 492, 493, 238 A.2d 599, 600 ( 1968 ); *Roy* v. *Dunn*, 106 N.H. 179, 207 A.2d 434, 435 ( 1965 ).

Following the judgment adverse to him in *Roy* v. *Manchester Gas Company*, 108 N.H. 492, 238 A.2d 599 ( 1968 ), the plaintiff sought vindication of his claim in the federal courts. The United States Court of Appeals for the First Circuit issued a memorandum and order on September 10, 1968 affirming the judgment of the United States District Court for the District of New Hampshire, which had dismissed the plaintiff's action for lack of jurisdiction. In affirming the district court judgment, the court of appeals said, in part, that " [t]he district court was correct . . . . The local action between the parties did not involve constitutional rights, but concerned simply a claim arising out of a personal injury. This was a local matter. An erroneous decision — if it were such — on such matters does not violate the Constitution. " The court of appeals mandate therein was issued on October 1, 1968.

Appearing pro se, the plaintiff entered in this court a " plea for

payment of claim" which he allegedly based upon the court of appeals mandate. In that plea, he requested this court "to award him his claim . . . against the [Manchester Gas Company]" because [t]he United States Court of Appeals ruled that the decision [*Roy* v. *Manchester Gas Company*, 108 N.H. 492, 238 A.2d 599 ( 1968 )] was erroneous — if it were such. The decision of the judges of the Supreme Court was mistaken . . . . The United States Court of Appeals ruled in Per Curiam that this decision was wrong."

As a result of this misconception of the content and significance of the court of appeals' memorandum and order and the mandate therein, the plaintiff has prepared and submitted to this court, in addition to his "plea of payment of claim," a "petition," two "motions for writs of execution," a "writ of execution," a "petition for a writ of mandamus," and many other communications variously styled but uniformly based upon the erroneous premise of the plaintiff that he prevailed in the federal courts. All of these pleadings assume erroneously that this court was obligated to order the Manchester Gas Company to additionally compensate the plaintiff on his claim for personal injuries.

The petition has no merit, and the order is

*Petition dismissed.*