Merrimack
Nos. 2004-466
 2004-756

SANDRA TOTHILL

v.

THE ESTATE OF WARREN CENTER

MT. WASHINGTON ASSURANCE CORPORATION

v.

PHENIX MUTUAL FIRE INSURANCE COMPANY *& a.*

Argued: May 18, 2005
Opinion Issued: June 24, 2005

*Sulloway & Hollis, P.L.L.C.*, of Concord (*James E. Owers* and *Chantalle R. Forgues* on the brief, and *Mr. Owers* orally), for Mt. Washington Assurance Corporation.

*Sheehan Phinney Bass + Green P.A.*, of Manchester (*Robert R. Lucic* on the brief and orally), for the Estate of Warren Center.

*Seufert Professional Association*, of Franklin (*Douglas A. Grauel* on the brief and orally), for Sandra Tothill.

DALIANIS, J. This is a consolidated appeal arising from two actions in the superior court. The first is a negligence action in which Sandra Tothill sued her former employer, Warren Center, for injuries she suffered during the course of her employment. The second is a declaratory judgment action in which Mt. Washington Assurance Corporation (Mt. Washington) sought a declaration that it had no obligation to indemnify Center for any compensation owed by him to Tothill. We reverse the decision in the negligence action; the declaratory judgment action is, accordingly, moot.

The relevant facts follow. Tothill began working for Warren and Vera Center on April 16, 2001. She was hired "to provide general companionship to the Centers." She worked approximately eight hours a day, five days a week. On July 6, 2001, while in the course of her employment, Tothill accompanied the Centers in their car. Warren Center was driving, and the car was involved in an accident in which Vera Center was killed and Tothill was injured.

At the time of the accident, Center was insured by three carriers. He had a homeowner's policy issued by Phenix Mutual Fire Insurance Company (Phenix), an automobile policy issued by Mt. Washington and a personal liability umbrella policy issued by The Automobile Insurance Company of Hartford, Connecticut (Automobile Insurance).

Tothill sought workers' compensation benefits under Center's Phenix policy on September 13, 2001. Although its policy contained a workers' compensation endorsement, Phenix initially denied Tothill's claim for benefits, asserting that she did not fall within the statutory definition of "domestic employee" under RSA 281-A:2, V-a and -b. RSA 281-A:2, V-a, -b (Supp. 2004). Tothill notified the department of labor that she wanted to appeal Phenix' decision. Shortly thereafter, she sued Center in the Belknap County Superior Court for negligence in connection with the accident. Center, who passed away while this litigation was pending, and whose interests are now represented by his estate, filed a motion to dismiss the negligence case, asserting that it was barred by RSA 281-A:8, I, so Tothill's only remedy was workers' compensation. RSA 281-A:8, I (1999). Tothill objected and filed a motion for summary judgment.

Because it was aware of Phenix' initial denial of workers' compensation benefits for Tothill, Mt. Washington filed a petition for declaratory judgment against Phenix, Tothill, Center and Automobile Insurance on

August 1, 2002, in the Merrimack County Superior Court. In its petition, Mt. Washington asked the court to determine whether Tothill was a "domestic employee" within the definition of RSA 281-A:2, V-a, to declare that it was not obligated to provide coverage to Center and to determine whether Tothill was entitled to workers' compensation benefits. The negligence case was transferred from Belknap County to Merrimack County.

Phenix filed an answer to Mt. Washington's petition, asserting that Tothill was not a "domestic employee" within the meaning of RSA 281-A:2, V-a and -b and, therefore, it was not responsible for paying her workers' compensation benefits. Center filed a cross-petition for declaratory judgment. In his petition, Center requested the court to find that Mt. Washington and Phenix were both responsible for providing coverage under his insurance policies.

All of the parties attempted to mediate the dispute. Though the mediation was ultimately unsuccessful, it produced an agreement among the insurance carriers whereby Phenix agreed to accept Tothill's workers' compensation claim. Phenix sent a notice to the department of labor, informing the department of its acceptance of Tothill's workers' compensation claim.

Mt. Washington, Center and Phenix all filed motions assenting to voluntary nonsuit of Mt. Washington's declaratory judgment action, and urging summary judgment in the negligence action. Phenix indicated to the trial court that it had accepted Tothill's workers' compensation claim. Tothill objected to these motions.

On September 15, 2003, the parties, including Tothill, signed a second agreement indicating that Tothill's acceptance of workers' compensation benefits was without prejudice to the question of whether she was an "employee." Tothill accepted from Phenix approximately $70,000 in workers' compensation benefits, including medical expenses. The agreement also provided that the declaratory judgment action would be stayed pending a decision on the parties' motions for summary judgment in the negligence case.

On April 15, 2004, the Superior Court (McGuire, J.) granted summary judgment to Tothill on the issue of whether she was a "domestic employee" under RSA 281-A:2, V-a and -b and must, therefore, accept workers' compensation benefits from Phenix. The trial court found that she was not a domestic employee as defined by RSA 281-A:2, V-a and -b. The trial court also rejected arguments, proffered by Mt. Washington and Phenix, that Tothill could not sue her employer because Phenix had accepted her workers' compensation claim. The trial court's order allowed Tothill to

proceed with her negligence case against Center. Center filed an appeal with this court on July 9, 2004.

On July 7, 2004, Mt. Washington filed a motion for summary judgment in the declaratory judgment action, seeking a declaration that it was not obligated to indemnify Center for liability in the negligence action. Phenix, Center and Tothill all objected to Mt. Washington's motion, and Center filed a cross-motion for summary judgment.

On October 20, 2004, the trial court denied Mt. Washington's motion for summary judgment, finding as a matter of law that, notwithstanding that Tothill *was not* a "domestic employee" for the purposes of the workers' compensation statute, she *was* a "domestic employee" under Mt. Washington's policy. Accordingly, Mt. Washington was obligated to provide coverage to Center. In its order, the trial court noted, "It is undisputed that Ms. Tothill was an employee of the Centers at the time of the accident . . . ." The trial court granted Center's cross-motion for summary judgment. Mt. Washington appealed this decision.

We are faced with several issues on appeal. As a preliminary matter, we note that Tothill argues that Mt. Washington lacks standing to appeal the trial court's decision in the negligence case. Mt. Washington had standing to file its petition for declaratory judgment pursuant to RSA 491:22, III (1997). The declaratory judgment action and negligence action were consolidated in the trial court by agreement of the parties. A decision in the negligence case, regarding Tothill's ability to sue Center in tort, clearly exposes Mt. Washington to potential coverage liability, as evidenced by its petition for declaratory judgment. We conclude, therefore, that Mt. Washington has a sufficient interest in the outcome of the negligence litigation to appear as a party in this appeal. *See State v. Miskell*, 122 N.H. 842, 845 (1982) (finding standing to appeal where appellant was not party to action below, but was real "party in interest.")

We asked the parties to brief the question of whether each appeal was an improper interlocutory appeal, so we will answer this question before addressing the merits of each case as necessary. We must then determine if the trial court correctly granted Tothill's motion for summary judgment in the negligence case. And finally, we must determine if the trial court erred in granting Center's motion for summary judgment in the declaratory judgment action.

The trial court's decision did not resolve the entire negligence case; rather, the trial court granted Tothill summary judgment on the issue of whether she was barred by the Workers' Compensation Law from suing Center in negligence. Her negligence case against Center remains pending. Center did not file an interlocutory appeal under Supreme Court Rule 8, but instead filed an appeal under Rule 7, as if from a final decision

of the trial court. Rule 8 requires the interlocutory appeal statement to include the signature of the lower court transferring the question. SUP. CT. R. 8(1)(e). Center's appeal did not meet this requirement.

Supreme Court Rule 1 allows the court to suspend the requirements or provisions of its rules in order to expedite a decision or for other good cause shown. We waive the requirement of Rule 8 for good cause shown because the issue of whether RSA chapter 281-A controls this case is dispositive, *see Guyette v. C & K Development Co.*, 122 N.H. 913, 918 (1982), and resolution of the question of whether an initial denial by a workers' compensation carrier triggers an automatic right to sue in negligence is important to all future workers' compensation carriers and claimants.

The trial court's decision in the declaratory judgment action, however, was a final decision on the merits. The declaratory judgment case turned upon the interpretation of an insurance policy and the workers' compensation statute. No issues remained after the trial court granted summary judgment to Tothill. We hold that Mt. Washington correctly filed its appeal in the declaratory judgment action as a Rule 7 appeal.

We review the trial court's application of the law to the facts in its summary judgment ruling *de novo*. We consider the evidence in the record, as well as any inferences drawn therefrom, in the light most favorable to the party opposing summary judgment. If our review of that evidence discloses no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law, then we will affirm the grant of summary judgment. *Progressive N. Ins. Co. v. Concord Gen. Mut. Ins. Co.*, 151 N.H. 649, 652 (2005).

## I. Negligence Action

To determine whether Tothill is barred from suing Center, we turn to the Workers' Compensation Law, RSA chapter 281-A. From the beginning of this controversy, when Phenix initially denied Tothill's claim for workers' compensation, the parties have been incorrectly focused upon the definition of "domestic employee" under the statute. This focus carried the parties, and the trial court, off course, away from the substance and purpose of the statute.

It is undisputed that Tothill is an employee for purposes of the statute. *See* RSA 281-A:2, VI(a) (1999). RSA 281-A:8, I, states that an employee is "conclusively presumed" to have accepted the provisions of the Workers' Compensation Law, and to have waived all rights of action at law against the employer.

Employees whose employers fail to secure payment of workers' compensation may sue their employers for injury, "free of the waivers and

immunities conferred by RSA 281-A:8." RSA 281-A:7, IV (1999). An employee may only sue the employer, however, when that employer has failed to provide compensation benefits. In order to be able to pursue her lawsuit, Tothill must establish that Center failed to secure workers' compensation insurance covering her employment.

To do so, Tothill argues that she was not a domestic employee as defined by the statute, RSA 281-A:2, V-a, -b, and therefore was completely excluded from the remedy of workers' compensation. This argument may be based in part upon the requirement found in RSA 281-A:6 that insurance companies providing homeowner's insurance must also provide workers' compensation insurance covering the domestic employees of its insured, unless the insured has arranged for workers' compensation insurance elsewhere. RSA 281-A:6 (1999).

Tothill's argument misses the mark, however, as the definition of "domestic" in the statute does not limit the class of worker for which an employer may secure workers' compensation insurance. It merely defines the word "domestic" for its appearances in other sections of the statute. That Center may not have been *required* to secure workers' compensation insurance covering Tothill, however, does not lead to the conclusion that he *failed* to do so. In fact, employers not bound by the Workers' Compensation Law may bring both themselves and their employees within its purview if they so choose by purchasing valid workers' compensation insurance. RSA 281-A:3 (1999). Tothill's status as a domestic or domestic employee under the statute is, therefore, irrelevant.

Center's homeowner's insurance policy from Phenix contained a workers' compensation endorsement and Phenix accepted Tothill's claim. It is possible, though unlikely, that despite Phenix' acceptance of Tothill's claim, she was not covered by the policy. We decline to address this possibility, as we find the very fact of Tothill's application for and acceptance of workers' compensation benefits dispositive.

As an employee subject to the statute, Tothill has waived all rights of action against Center. Her only remedy is through workers' compensation.

> Once a workers' compensation act has become applicable either through compulsion or election, it affords the exclusive remedy for the injury by the employee or the employee's dependents against the employer and insurance carrier. This is part of the *quid quo pro* in which the sacrifices and gains of employees and employers are to some extent put in balance, for while the employer assumes a new liability without fault, it is relieved of the prospect of large damage verdicts.

6 A. LARSON, LARSON'S WORKERS' COMPENSATION LAW § 100.01(1), 100-2 to 100-3 (2004). The workers' compensation scheme is based upon this fundamental *quid pro quo*: tort immunity for the employer in exchange for no-fault workers' compensation benefits. *Hull v. Town of Plymouth*, 143 N.H. 381, 384 (1999). The exclusiveness of the remedy is integral to this *quid pro quo*.

■ An employee who seeks workers' compensation, and is granted workers' compensation, has no right to then question whether the employee is entitled to that grant. Such a result would nullify the exclusiveness of the remedy and unravel the workers' compensation scheme. Having both sought and received workers' compensation benefits, Tothill is, therefore, barred from suing Center for negligence.

We recognize that Tothill signed an agreement indicating that her acceptance of the workers' compensation benefits was without prejudice to her status as an "employee." Her acceptance of benefits did not affect the question of whether she was an employee. Tothill herself asserted that she was an employee, failed to contest opposing assertions that she was an employee, and, in fact, sought workers' compensation benefits *because* she was an employee. This was ostensibly an attempt to preserve her right to sue Center for negligence after accepting workers' compensation benefits. The language of the agreement fails to achieve that effect, however, as it is undisputed that Tothill was an employee for the purposes of the Workers' Compensation Law without regard to her acceptance of benefits.

*II. Declaratory Judgment Action*

Our decision in the negligence action, that Tothill is barred from suing Center by the Workers' Compensation Law, renders moot the question of Mt. Washington's liability to indemnify Center.

*Reversed.*

BRODERICK, C.J., and DUGGAN and GALWAY, JJ., concurred.