**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0511, <u>Betty J. Woodmansee & a. v. Federal National Mortgage Association</u>, the court on May 12, 2015, issued the following order:**

Having considered the briefs, the memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiffs, Betty Woodmansee and Sanford Woodmansee, appeal an order of the Superior Court (<u>Delker</u>, J.) lifting the preliminary injunction against foreclosure in their action against the defendant, Federal National Mortgage Association (FNMA). They contend that the trial court denied their constitutional "right to be heard" by failing to give them notice of the hearing on FNMA's motion to lift the injunction. We construe their brief to further contend that the trial court erred by: (1) allegedly reneging on its statement in the hearing that it would not lift the injunction for ten days to allow them to move for reconsideration of our dismissal of their improper interlocutory appeal; (2) concluding that their interlocutory appeal did not stay the conditions imposed upon the injunction; (3) allegedly violating canons 2.2 and 2.6 of the Code of Judicial Conduct, <u>Sup. Ct. R.</u> 38; and (4) conditioning the injunction upon their paying their mortgage payments into escrow, <u>see</u> <u>Super. Ct. R.</u> 48. FNMA argues that this appeal is interlocutory and that we should decline to hear it. Even if this is an improper interlocutory appeal, we find good cause to waive the requirements of Supreme Court Rule 8. <u>See</u> <u>Sup. Ct. R.</u> 1; <u>Tothill v. Estate of Center</u>, 152 N.H. 389, 393 (2005).

To the extent that the plaintiffs argue that the trial court erred by not holding a hearing before granting FNMA's motion to lift the injunction, the record does not reflect that they requested a hearing prior to the order lifting the injunction. <u>See</u> <u>Super. Ct. Civ. R.</u> 13(b); <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004) (stating appealing party's burden to supply record sufficient to decide issues on appeal).

To the extent that the plaintiffs argue that they did not receive notice of the status conference to be held on the injunction, the record reflects, and the plaintiffs do not dispute, that the trial court sent the plaintiffs notice of the July 15, 2014 status conference. In New Hampshire, there is a presumption that a properly addressed mailed communication has been received in the absence of other evidence to the contrary. <u>Cote v. Cote</u>, 123 N.H. 376, 378 (1983). In this

case, the plaintiffs did not support their motion for reconsideration with an affidavit attesting that they had not received notice of the status conference.  See Super. Ct. Civ. R. 11(b).  Therefore, there is no evidence that they did not receive notice of the status conference.

To the extent that the plaintiffs argue that their constitutional rights were violated because they did not receive notice that the trial court would consider FNMA's motion to lift the injunction on July 15, 2014, they have not developed this argument.  See State v. Blackmer, 149 N.H. 47, 49 (2003) (stating appellate review confined to fully developed legal arguments).

Moreover, we note that the purpose of the status conference, in accordance with the trial court's order imposing the injunction, was to assess the parties' conformance with the conditions the trial court placed upon the injunction.  Those conditions were that:  (1) the plaintiffs make mortgage payments as directed in the injunction order; and (2) the plaintiffs pursue and FNMA consider an application for loan modification in good faith.  Furthermore, the order granting the plaintiffs' motion for injunctive relief specifically stated that the trial court would entertain FNMA's motion to lift the injunction and to allow foreclosure to proceed immediately if the plaintiffs failed to pay their mortgage payments.  Here, the motion to lift the injunction, to which the plaintiffs objected, was premised upon their failure to pay the mortgage payments pursuant to the injunction order.  Under these circumstances, we conclude that the plaintiffs were on notice that their failure to pay their mortgage payments into escrow would be the subject of the status conference.

With regard to the plaintiffs' other arguments, as the appealing parties, the plaintiffs have the burden of demonstrating reversible error.  Gallo v. Traina, 166 N.H. 737, 740 (2014).  Based upon our review of the trial court's order, the plaintiffs' challenges to it, the relevant law, and the record submitted on appeal, we conclude that the plaintiffs have not demonstrated reversible error.  See id.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**

2