# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0109, <u>Kathleen Sylvester v. Woodward's White Mountain Resort, LLC</u>, the court on December 20, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order.  <u>See</u> <u>Sup. Ct. R.</u> 20(2).  The plaintiff, Kathleen Sylvester, appeals a decision of the Superior Court (<u>St. Hilaire</u>, J.) granting summary judgment in favor of the defendant, Woodward's White Mountain Resort, LLC, and ruling that, as a result of the plaintiff's release and settlement agreement with the defendant's workers' compensation insurance carrier (Carrier), RSA 281-A:8 (2023) precludes the plaintiff's negligence action.  The plaintiff argues that the trial court erred because the Carrier's settlement payment to the plaintiff does not constitute receipt of workers' compensation benefits, and, consequently, RSA 281-A:8, I, is not implicated.  The plaintiff also argues that, in reaching its decision, the trial court impermissibly rewrote the release.  We disagree and conclude that the trial court did not err in its determination that RSA 281-A:8, I, bars the plaintiff's claim.  Accordingly, we affirm.

The following facts are either undisputed or taken from documents in the record.  The defendant leases a motel located in Lincoln.  In February 2018, the plaintiff, who at the time was employed by the defendant, slipped and fell on a walkway at the motel.  The plaintiff sought workers' compensation benefits, which both the New Hampshire Department of Labor (DOL) and the New Hampshire Compensation Appeals Board (CAB) denied.  In January 2019, the plaintiff appealed the CAB's decision to this court.  The defendant and the Carrier filed a motion for summary affirmance, which this court denied.  In July 2019, the plaintiff withdrew her appeal with prejudice.

In connection with the withdrawal of her appeal, the plaintiff executed a release with the Carrier.  The release provided that, in exchange for a $120,000 settlement, the plaintiff would "withdraw with prejudice all claims for workers' compensation benefits arising from" the alleged February 2018 injury, and that the "release pertains only to claims under New Hampshire's Workers' Compensation Law RSA Chapter 281-A; and does not preclude any personal injury action(s)."[1]  The Carrier paid the plaintiff's settlement with funds it uses

---

[1] In pertinent part, the release also provides the following language:

> <u>Kathleen Sylvester's</u> net settlement is <u>$60,849.62</u>, based on a total settlement of <u>$120,000</u>, reduced by <u>$15,000</u> for attorney's fees and costs, and <u>$44,150.38</u> for medical bills.  This settlement represents compensation at the rate of <u>$188.44</u> per month for the remainder of her [expected] life.

to pay workers' compensation benefits.

In February 2021, the plaintiff filed a negligence suit against the defendant in connection with her February 2018 injury. The defendant moved for summary judgment, arguing that the exclusivity provision of New Hampshire's Workers' Compensation Law bars the plaintiff's negligence claim because the plaintiff had "sought and received workers' compensation in connection with the same injury that forms the basis of the instant action." See RSA 281-A:8, I.

The trial court granted summary judgment in favor of the defendant. The court found that the $120,000 settlement constituted distribution of workers' compensation funds because the "settlement payout was drawn from the same pool of money used by [the Carrier] for distribution of benefits, which is contributed to by companies like Defendant as part of the workers' compensation scheme." Relying on our decision in Tothill v. Estate of Center, 152 N.H. 389 (2005), the court ruled that "allowing Plaintiff to recover from Defendant's insurance provider and then go on to sue Defendant under a theory of negligence would be contrary to the intended exclusivity of the workers' compensation scheme." See RSA 281-A:8, I. The plaintiff moved for reconsideration, which the court denied. This appeal followed.

On appeal, the plaintiff argues that, in ruling that RSA 281-A:8, I, bars her negligence claim, the trial court impermissibly rewrote the terms of the release. Specifically, the plaintiff argues that the trial court erred in ruling that the settlement constituted receipt of workers' compensation benefits and, therefore, "erred when it disregarded the language in the Release to support its opinion that the exclusivity provisions of RSA 281-A:8 applied." We disagree.

We review the trial court's application of the law to the facts in its summary judgment ruling de novo. Tothill, 152 N.H. at 393. We consider the evidence in the record, as well as any inferences drawn therefrom, in the light most favorable to the party opposing summary judgment. Id. If our review of that evidence discloses no genuine issue of material fact and if the moving party is entitled to judgment as a matter of law, then we will affirm the grant of summary judgment. Id.

We begin by considering the language of the release. Parties to a contract are generally bound by the terms of an agreement freely and openly entered into. Mentis Sciences v. Pittsburgh Networks, 173 N.H. 584, 591 (2020). Courts cannot improve the terms or conditions of an agreement that the parties themselves have executed or rewrite contracts merely because they might operate harshly or inequitably. Id. However, we will not enforce a contract or contract term that contravenes public policy. Id. We have explained that an agreement is against public policy:

> [I]f it is injurious to the interests of the public, contravenes some established interest of society, violates some public statute, is against

2

good morals, tends to interfere with the public welfare or safety, or, . . . is at war with the interests of society and is in conflict with the morals of the time.

Id. at 591-92 (quotation omitted) (emphasis added).

RSA 281-A:8, I, provides, as relevant to the case at hand:

I.      An employee of an employer subject to [RSA chapter 281-A] shall be conclusively presumed to have accepted the provisions of [RSA chapter 281-A] and, on behalf of the employee or the employee's personal or legal representatives, to have waived all rights of action whether at common law or by statute or provided under the laws of any other state or otherwise:

      (a) Against the employer or the employer's insurance carrier or an association or group providing self-insurance to a number of employers . . . .

This exclusivity provision is based upon a "quid pro quo: tort immunity for the employer in exchange for no-fault workers' compensation benefits." Tothill, 152 N.H. at 395. Thus, "[a]n employee who seeks workers' compensation, and is granted workers' compensation, has no right to then question whether the employee is entitled to that grant." Id. "Such a result would nullify the exclusiveness of the remedy and unravel the workers' compensation scheme." Id.

Here, to the extent that the release applied to the defendant, the agreement attempts to circumvent RSA 281-A:8, I, by providing that it "pertains only to claims under New Hampshire's Workers' Compensation Law RSA Chapter 281-A; and does not preclude any personal injury action(s)." (Emphasis added.) If given effect, this language would allow the plaintiff to both receive workers' compensation and to bring a personal injury claim against the employer, which directly contradicts RSA 281-A:8, I. See Tothill, 152 N.H. at 394-95. Accordingly, we conclude that, to the extent that it applied to the defendant, the release language permitting personal injury claims was void ab initio because it violates the exclusivity provision of the workers' compensation scheme. See RSA 281-A:8, I.

The plaintiff next argues that RSA 281-A:8, I, does not apply because the settlement she received is not workers' compensation, and, therefore, the exclusivity provision is not invoked. We are unpersuaded, as the release clearly contemplates the settlement to resolve the plaintiff's workers' compensation claim. The release states that "[t]his settlement represents compensation for an injury," — i.e., the alleged February 2018 injury — and that the "release pertains only to claims under New Hampshire's Workers' Compensation Law RSA Chapter 281-A." In addition to providing payment in exchange for the plaintiff's withdrawal of her workers' compensation appeal,

3

the settlement also provides payment for attorney's fees and costs and medical bills.  See Brooks v. Legasse Amusement Co., 111 N.H. 126, 127 (1971) (interpreting prior version of statute) (explaining that a settlement that provided for medical bills, attorney's fees, and a "small balance to 'avoid future litigation'" was governed by the workers' compensation law).  Accordingly, we construe the $120,000 settlement as the plaintiff's acceptance of workers' compensation benefits.

The plaintiff argues that the settlement does not constitute receipt of workers' compensation benefits because the defendant and the Carrier consistently denied that the plaintiff sustained a compensable injury and because the payment "shares no semblance to the type of benefits the Plaintiff would have received had she sustained a compensable injury."  Whether the plaintiff actually sustained a compensable injury is immaterial given that she applied for and accepted workers' compensation benefits.  See Tothill, 152 N.H. at 394 (finding, regardless of whether the employee was covered by the workers' compensation policy, "the very fact of [the employee's] application for and acceptance of workers' compensation benefits dispositive"); Brooks, 111 N.H. at 127 (explaining that the settlement payment, despite the parties' disagreement as to whether the claimant was in the employment of his employer at the time of injury, was "squarely within the domain" of the workers' compensation law).  Additionally, even though the plaintiff "might have recovered more" had she not settled the case, she "cannot now wipe the slate clean and begin all over again."  Brooks, 111 N.H. at 128.  Indeed, the plaintiff provides no authority to support her claim that workers' compensation benefits received through a settlement must be, as alleged at oral argument, "consistent with the compensation she otherwise would have been entitled to" had she prevailed in her workers' compensation claim.  Furthermore, other settlement agreements that we have construed as falling within the Workers' Compensation Law have, similar to the release here, provided for medical bills, attorney's fees, and a balance to avoid future litigation.  See id. at 127.[2]

The plaintiff also argues that our holding in Tothill in inapplicable because, unlike in Tothill, the release in this case was not submitted to DOL.  The plaintiff argues that DOL approval "is required for workers' compensation settlements to carry the weight and preclusive effect of acceptance of benefits under RSA 281-A:8."  However, our decision in Tothill that the claimant was barred from suing her employer for negligence was based on the fact that the claimant "sought and received workers' compensation benefits" — not the fact that DOL was involved.  Tothill, 152 N.H. at 391, 394-95.  Moreover, even assuming, as the plaintiff submits, that RSA 281-A:37 (2023) requires DOL approval of lump sum payments, at oral argument the plaintiff conceded that

---

[2] We observe that the release includes a payment of $44,150.38 for medical bills.  Given the costs attributed to the treatment of the plaintiff's alleged injuries, we question her contention that the settlement payment "shares no semblance to the type of benefits the Plaintiff would have received had she sustained a compensable injury."

the settlement at issue is not a lump sum payment contemplated by the statute.

Given our conclusions that the settlement constituted the receipt of workers' compensation benefits and that the provision of the release permitting personal injury actions, to the extent that it applies to the defendant, was void ab initio for violating the exclusivity provision of the workers' compensation law, we hold that RSA 281-A:8, I, bars the plaintiff's negligence claim. Accordingly, we affirm.

Affirmed.

MACDONALD, C.J., and BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**